## TOWN OF LONDONDERRY *v.* CHARLES FRYOR.

January Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 9, 1911.

*Guardian and Ward—Mental Capacity—Opinion Evidence—*
*Scope and Limitations—Offers—Necessity.*

In a proceeding for the appointment of a guardian for defendant on the claimed ground that he is not mentally capable of caring for himself and his property, the court properly excluded the question asked a lay witness, although based on his detailed observations of defendant. "What do you say as to his mental ability; as to whether or not he has mental ability and is capable of caring for himself and property?" as the inquiry whether defendant was "capable of caring for himself and property" asked the witness to give an opinion on a question of law.

In order that a trier may give proper weight to the opinion of a lay witness, it must be based on facts and circumstances to which the witness has testified.

A witness cannot give an opinion that involves the application of a rule of law, and hence cannot state whether another has mental capacity sufficient to care for himself and his property, to make a contract, or a will, or to commit a crime.

An offer is not necessary to make available an exception to the exclusion of a question asked a witness, where the purpose of the question and the nature of the expected answer are manifest.

APPEAL from a decree of the probate court appointing a guardian for Charles Fryor on the ground that he is not mentally capable of caring for himself and his property. Trial by jury at the April Term, 1910, Windham County, *Miles,* J., presiding. Verdict that defendant is so capable, and judgment thereon. The plaintiff excepted. The opinion states the case.

*Cudworth & Pierce* for the plaintiff.

*E. W. Gibson, R. C. Bacon,* and *E. J. Waterman* for the defendant.

A lay witness may not give his opinion where to do so makes it necessary that he apply a rule of law; and that is what he is asked to do when required to state whether defendant is mentally capable of caring for himself and his property. *In re Blood's Will*, 62 Vt. 359; *Fairchild* v. *Bascomb*, 35 Vt. 398; *Chickering* v. *Brooks*, 61 Vt. 554; *In re Esterbrook's Will*, 83 Vt. 229; Lawson Expert and Opinion Evidence, 497.

HASELTON, J.   This was a probate appeal in proceedings brought by the overseer of the poor of the town of Londonderry for the appointment of a guardian of the defendant on the claimed ground that he was not mentally capable of taking care of himself and of his property. P. S. 3159. The verdict of the jury was that the defendant is so capable, and judgment was rendered upon the verdict. The questions brought before us by the bill of exceptions relate to the exclusion of evidence.

One Orris C. Hall, testified to associating and conversing. with the defendant and was then asked this question: "From your association with Charles Fryor and. conversations you have had with him, the times you have worked with him, the instances you have mentioned here, what do you say as to his mental ability; as to whether or not he has mental ability and is capable of caring for himself and property?" The witness was not allowed to answer this question and an exception was taken. Very likely it should be considered that the witness was confined to the expression of an opinion based on the "instances mentioned" by him in his testimony; and so if the questioner had stopped with an ·inquiry as to the defendant's mental ability, and had not asked whether or not he was "capable of caring for himself and property" the question might well have been admissible. But as the question was framed this. lay witness was asked to give an opinion on a question of law and the question was properly excluded. *In re Esterbrook's Will*, 83 Vt. 229, 240; *In re Blood's Will*, 62 Vt. 359, 364; *Chickering* v. *Brooks*, 61 Vt. 554, 563; *Fairchild* v. *Bascomb*, 35 Vt. 398.

One Noble Johnson, testified that the defendant for a long time lived in the family of the witness and he testified as to the

peculiarities of Fryor during that time and thereafter. This testimony was not objected to and was calculated to aid the court and jury in applying the law to the facts found. *In re Esterbrook's Will*, 83 Vt. 229, 234; *Fairchild* v. *Bascomb*, 35 Vt. 398, 417.

The witness was then asked this question: "From your observation of his appearance and conduct and speech during the time you have known him what do you say as to his mental capability?" The witness was not allowed to answer this question. The question in no way required this lay witness to base his opinion upon the evidence he had given in court, and so the action of the court was correct. One's mental ability is not to be determined by a mere vote of his neighbors and acquaintances.

The opinion given must be based upon the testimony of the witness as to facts and circumstances testified to by the witness in order that the jury may give the opinion its proper weight.

One F. F. Churchill testified that for a long time Charles Fryor lived in his family, and further testified as to Fryor's appearance, conduct, conversation and actions during that time and during a number of years prior thereto. He was then asked: "From his appearance and conduct, conversation and actions, as you have related them here, what do you say as to his mental capability to care for himself or his proprty?" The court declined to permit him to answer this question and was correct in so doing. The witness was properly asked to base his opinion upon the testimony he had given, but was improperly asked to go beyond the expression of an opinion as to mental capacity and to apply some rule of law, we know not what, which may have rested in his mind as to the degree of mental capacity which one must have in order to care for himself and property. *In re Esterbrooks' Will*, 83 Vt. 229, 234; *Fairchild* v. *Bascomb*, 35 Vt. 398, 417.

One De Vere Houghton testified to living near the defendant Fryor and of meeting, talking and working with him and to his conversation, manner and conduct and to certain instances which had come under the observation of the witness. Houghton was then asked this question: "From the instances

you have related, the conversation, his manner and conduct, as you have described them, what is your opinion as to his mental capability to care for himself and his property?" On objection being made the court declined to permit this question to be answered, and in this matter the court was correct. The question was like the one put to the witness Churchill. The proper basis for an opinion was indicated, but the opinion asked for was improper. Reference is made to cases already cited herein.

Lay witnesses, to say nothing of others, cannot give an opinion that one has or has not testamentary capacity, or capacity to contract, or capacity to commit crime, or capacity to care for property, or for particular property. They may state what they know of one in their own way, and may add their opinion of that one's mental capacity, basing their opinion upon what they have narrated to the jury, but they may not give an opinion which involves the statement of a rule of law whether that rule relates to crimes, wills, contracts, or any other matter.

The rule was well stated by Judge Aldis in *Fairchild* v. *Bascomb*, 35 Vt. 398, where he says: "What is sufficient capacity to transact business, or to make a will, is a matter of law, depending somewhat upon the nature of the business. A witness may not correctly apprehend the rule of law, and if he uses such expressions may be misled himself, or may mislead the jury. Hence the question should be framed so as to require him to state the measure of the testator's capacity in his own language and by such ordinary terms or forms of expression as will best convey his own ideas of the matter."

Professor Wigmore quotes the rule as stated by Judge Aldis and recognizes its soundness, urging only that it should not be so applied as to work a reversal because of an inapt choice of words. 3 Wigmore, Ev. §1958.

The rule is well stated in *Foster's Exrs.* v. *Dickerson*, 64 Vt. 233, 244, is reaffirmed in *McCabe's Will*, 70 Vt. 155, and again in *Sargent* v. *Burton*, 74 Vt. 24. In the latter case, which involved the question of a grantor's mental capacity to execute a deed, a witness who gave otherwise admissible testimony added that he should say that the testator "was competent

to make the writings". This last statement was not held to be proper testimony but it was held that it did not vitiate the decree in the case because, in the first place, it was not responsive to the question which was proper, in the second place, because it was not objected to before the master, and in the third place, because it was to be presumed that the master disregarded the objectionable part of the answer. Nothing better shows the inadmissibility of the testimony than the opinion in this case whereby it was shown that its inadmissibility did not work a reversal.

The point is made by counsel for the defendant that none of the questions was accompanied by an offer of what the plaintiff expected to prove, and that therefore there was no error. But the purpose of the questions and the nature of the expected answers were so evident that specific offers were not needed, and the rule in that regard does not apply. *Tarbell & Whitham* v. *Gifford*, 82 Vt. 222, 226.

We are not prepared to say that the objecting counsel or the court stated in every instance the correct reasons for exclusion. But it is immaterial how that is. A correct ruling though put on a wrong ground will be sustained. *Fairbank* v. *Stowe*, 83 Vt. 155; *Town of Roxbury* v. *C. V. R. Co.*, 60 Vt. 121.

One exception was taken which has not been here considered, for in argument it was waived.

*Judgment affirmed.*