## SILVER *v.* NEWCOMER.

[No. 11,648.   Filed June 29, 1923.   Petition for rehearing dismissed October 24, 1923.]

1. INSANE PERSONS.—*Appointment of Guardian for Infirm Persons.— Evidence.— Sufficiency.—* In proceeding to appoint a guardian for a person because of old age and infirmity evidence, *held* sufficient to sustain the verdict of the jury.  p. 407.

2. APPEAL.— *Review.— Evidence.— Sufficiency.— Finding.— Conclusiveness.—*On appeal the Appellate Court cannot weigh the evidence, and if there is any competent evidence, it is sufficient to sustain the verdict.  p. 407.

3. EVIDENCE.—*Witnesses.—Motion to Strike Out.—*Where a witness for the petitioner on cross-examination testified that he opposed the appointment of a guardian at a former trial and on re-examination was asked when he changed his mind, a motion to strike out his answer, that he changed his mind when he learned that defendant's mind had been poisoned against his (the witness') wife, so she could not longer see her father, as being a conclusion not being responsive to the question, was properly overruled.  p. 408.

4. EVIDENCE. — *Opinion Evidence. — Non-Expert Witnesses.— Soundness of Mind.—Sufficiency.—Jury Questions.—*Although a non-expert witness may in a proper case express an opinion on the soundness of mind of a person, he cannot express an opinion upon the capability or capacity of a person to manage his business affairs in a proceeding for the appointment of a guardian because of old age and infirmity, since this was a question for the jury.  p. 408.

5. APPEAL.— *Review.— Presenting Question.— Motion for New Trial.—*A statement of the question asked a witness and the appellant's objection thereto and the action of the court in relation thereto, when only in the motion for a new trial, *held* insufficient to present any question on appeal.  p. 409.

6. EVIDENCE.—*Examination of Witnesses.—Opinion Evidence.— Non-Expert Witnesses.—Mental Capacity.—Competency.—*The opinion of a non-expert witness as to the mental capacity of defendant to manage his affairs, if proper under any circumstances, should have been asked on the examination in chief, and was improper re-examination when not called for by any thing brought out on cross-examination.  p. 409.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by Nellie Newcomer against Isaac Silver. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Rogers & Smith, Elmer E. Stevenson* and *John A. Sunderland,* for appellant.

*George W. Osborn, John W. Hornaday* and *W. H. Parr,* for appellee.

McMAHAN, C. J.—Appellee filed a petition for the appointment of a guardian for appellant on the ground that he was incapable of managing his estate and business because of old age and infirmity. There was a trial by jury which resulted in a verdict and decree appointing a guardian.

Appellant contends that the court erred in overruling his motion for a new trial: (1) because the verdict is not sustained by sufficient evidence and is contrary to law; (2) in refusing to strike out certain evidence; and (3) in excluding certain evidence. Appellant's main contention is that the evidence is not sufficient to sustain the verdict. We have given this contention careful consideration and hold the evidence sufficient.

No good purpose can be gained by setting out the evidence. Many witnesses, including appellant, testified on the trial. Appellant, who was eighty-six years old at the time of the trial, and had had a stroke of paralysis about ten years before from which there was a fair recovery, although since that time he had complained of pain in his head. He was physically feeble and had to be assisted in putting on and taking off his clothing, in getting into and out of bed, in getting into the automobile and buggy. His eyesight and hearing were bad. He was not able to go about his farm alone or to do any work on the farm. Appellant introduced a large number of witnesses who as nonexperts gave their opinions based upon the facts

detailed, that he was of sound mind while others expressed no opinion on that subject. The jury saw and heard these witnesses, including appellant, and were in a better position to judge the credibility of each of them, and of the weight to be given their testimony than we are. In view of the well-established rule as to the duty of the Appellate Court when the evidence is conflicting, we hold the evidence sufficient to sustain the verdict and that it is not contrary to law. And in this connection it must be remembered the application for the appointment of the guardian was brought under the statute authorizing such an appointment because of old age or infirmity and not under the statute authorizing such appointment because of unsoundness of mind.

John F. Richardson, a son-in-law of appellant, was a witness for appellee. On cross-examination he testified that neither he nor his wife was present or

3. testified at a former trial; that at that time they were opposed to the appointment of a guardian for appellant, and in the course of re-examination, he was asked when he changed his mind about the matter and replied that he changed his mind when he learned that appellant's mind had been poisoned against the wife of the witness to the extent that she could not see her father. Appellant moved to strike out this answer for the reason that it stated a conclusion and was not responsive to the question. There was no error in overruling this motion, but, if it were conceded that the motion to strike out this answer should have been sustained, the action of the court in overruling the motion would not be reversible error.

One of appellant's witnesses testified to his acquaintance with appellant, covering a period of forty

4. years and after detailing what he had seen and observed together with numerous conversations

with appellant he was asked to state his opinion as to whether appellant was capable or incapable of managing his business affairs, basing his opinion upon the facts about which he testified and his acquaintance with appellant.

A nonexpert witness in a proper case may express an opinion as to the soundness of the mind of a person, but we know of no case permitting the opinion of a witness upon the capability or capacity of such person to manage his business affairs or to conduct the ordinary affairs of life. Whether appellant was capable or incapable of managing his estate and business affairs was the very question to be passed upon by the jury. The court did not err in sustaining the objection to this question. *Hamrick* v. *State, ex rel.* (1893), 134 Ind. 324, 34 N. E. 3.

We also note that the only statement in relation to this question and the action of the court in relation thereto is in the motion for a new trial and it 5, 6. has been frequently held that this is not sufficient. From the motion for a new trial it appears that the question was asked on re-examination of the witness. The recital of the evidence does not show any re-examination of the witness and further, the question was not called for by reason of anything brought out on the cross-examination of the witness. It was a question which, if proper under any circumstances, should have been asked on the examination in chief, and not on re-examination.

No reversible error being shown the judgment is affirmed.