140 So. 382

**POPE v. BOLIN.**

6 Div. 1.

Supreme Court of Alabama.

March 10, 1932.

Travis Williams, of Russellville, and C. E. Mitchell, of Hamilton, for appellant.

Fred Jones, of Hamilton, for appellee.

BOULDIN, J.

Drue Bolin, on inquisition proceedings instituted by her brother, W. D. Pope, under article 2, chapter 299, of the Code (section 8103 et seq.), was duly adjudged of unsound mind, and W. B. Ford was thereupon appointed guardian of her estate.

Thirty-eight days after such adjudication Drue Bolin filed her application under Code, § 8110, for a revocation of the proceedings against her and of the letters of guardianship.

W. D. Pope, cited under Code, § 8111, appeared and denied the averments of the petition, and a trial was had pursuant to Code, § 8112, resulting in a verdict finding the allegations of the petition to be true, and a judgment revoking the inquisition proceedings and the guardianship was entered.

The present appeal is to review this judgment.

Much evidence offered by petitioner went to the point that she had never been of unsound mind; some of her witnesses testifying there had been no change in her mental condition since the inquisition.

Evidence for contestant also tended to show such a subnormal weak-mindedness, continuous in character, as to render her incapable of managing her estate. There was further evidence of recurring psychosis rendering necessary her committal to the hospital for the insane on two occasions in former years, for periods of a few months, and a third time shortly before the inquisition.

In this state of the evidence, the most important question here presented is: What effect, if any, should be given on this hearing to the former adjudication in the inquisition proceedings?

Charges 3, 4, and 7, refused to the contestant, found in the report of the case, proceed on the theory that the former proceeding was res adjudicata of her mental status at that time, that this is presumed to continue, and that on this proceeding to revoke the burden is on the petitioner to establish to the reasonable satisfaction of the jury there has been a change for the better in her mental condition.

We note the statute, section 8110, does not prescribe the contents of the application to revoke, except that it must be accompanied by the certificate in writing of two physicians, stating that, after examination of such person, they believe him or her to be of sound mind.

The petition in this cause, reciting the fact of the former inquisition, the appointment and qualification of a guardian of her estate, and averring that she is now of sound mind, accompanied by the required certificates, presents the proper issue.

The evidence is directed to what is "now" the mental status of the petitioner. Witnesses need not know anything of her mental condition at the time of the inquisition.

But the question comes, What is the effect of the finding of an unsound mind at the time of the inquisition as an evidential fact upon the proceedings to revoke?

Without question the adjudication of unsoundness of mind has the qualities of a judicial proceeding. All the requirements of due process of law must attend such proceeding. Craft v. Simon, 118 Ala. 625, 24 So. 380; Simon v. Craft, 182 U. S. 427, 21 S. Ct. 836, 45 L. Ed. 1165.

If, on the inquisition, the person is found of sound mind, it is res adjudicata, and a further proceeding of like kind cannot be instituted at once and sustained if the evi-

dence discloses no change of mental status. Matter of Clarkson, 186 App. Div. 575, 174 N. Y. S. 616 (affirmed 227 N. Y. 599 mem, 125 N. E. 914 mem); 32 C. J. 646.

Likewise, if found of unsound mind, it is conclusive evidence of that status at the time as between the parties to such proceeding.

As related to the guardianship the proceeding to revoke may be considered a part of and in the nature of a continuance of the original proceeding.

Our statute provides that, if the court is satisfied of the truth of the allegations of the application, a decree must be entered "revoking the proceedings on the inquisition and the guardianship." This does not mean the annulment of the former adjudication ab initio; but a revocation of same as evidence of a continuing status of mental incapacity to manage her own estate.

The burden is on petitioner to sustain the averments of the petition. While the inquiry is directed to her mental state at the time, it is not intended to forthwith retry the issue adjudicated on the inquisition proceeding.

In view of the evidence of an unchanged mental state, requested charges 3, 4, and 7 should have been given, and their refusal was error. Chase v. Chase, 216 Mass. 394, 103 N. E. 857; Upton's Committee v. Bush, 135 Ky. 102, 121 S. W. 1005; Shafer v. Shafer, 181 Ind. 244, 104 N. E. 507; Lucas v. Parsons, 23 Ga. 267; Mitchell v. Stanton (Tex. Civ. App.) 139 S. W. 1033; 32 C. J. p. 674, § 325, p. 646, §§ 224, 225.

But evidence of sound mind at the time of the proceedings to revoke is some evidence of a change of mental condition. There was also some direct evidence of improved condition of mind. The affirmative charge for contestant was properly refused.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.