147 So. 632

## ÆTNA LIFE INS. CO. v. CORNELIUS.
### 7 Div. 179.

Supreme Court of Alabama.
April 13, 1933.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellant.

W. M. Rayburn, of Gadsden, for appellee.

BOULDIN, Justice.

The action is to recover the "Permanent Total Disability Benefit" in a policy of insurance. The policy stipulates for payment of such benefit if the insured "becomes totally disabled before age sixty and if the disability will presumably prevent the employee [insured] for life from engaging in any occupation or employment for wage or profit."

The evidence was not without conflict on the issue of total disability. We will not review the same. The court below erred in giving the affirmative charge for plaintiff.

The insured had, by inquisition proceedings, been adjudged a non compos mentis, and a guardian appointed for him, some ten years prior to the issuance of the insurance certificate. There had been no revocation as per statute.

The insured sued in his own right in the original complaint. By amendment, the complaint reads: "Hattie Cornelius, the legally appointed guardian of Pat B. Cornelius, a non compos mentis, claims for her ward, the said Pat B. Cornelius," etc.

Appellant insists it was due the affirmative charge upon the ground that it appears without dispute that the insured was a non compos mentis and any contract made by him is null and void.

Without question, the contracts of insane persons, parties incapable of giving assent to a contract, are void under the law of Alabama. Code, § 6824; Metropolitan Life Ins. Co. v. Bramlett, 224 Ala. 473, 140 So. 752.

Inquisition proceedings regularly adjudging one non compos mentis are res adjudicata; therefore, conclusive of the mental status at the time. Pope v. Bolin, 224 Ala. 322, 140 So. 382.

In the absence of statute, however, the adjudication is not conclusive of incapacity to contract at a subsequent date; the remoteness of time lessening the presumptive effect of the adjudication. Although the judgment has never been revoked on restoration to sanity as the statute provides, if the party is in fact capable at the time of entering into the contract, it is not void. 32 C. J. 647.

Such contracts may be voidable at the instance of the guardian. The responsibility of the guardian in the management of the estate negatives any power in the ward to bind his estate despite the guardianship. But where, as here, the guardian, also the wife of the insured, is presumed to have known and assented to the ward's entering into an employment as machinist, and the taking of insurance under a group policy for the benefit of employees, and sues on the policy for his benefit, such assent on the part of the guardian appears as will sustain an action against the insurer. Knight v. Knight, 113 Ala. 597, 21 So. 407; 32 C. J. p. 731, § 502; also p. 736, § 511.

There was no error in refusing the affirmative charge to defendant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.