ROOSEVELT McCARTIA v. STATE

160 So. 364.

Opinion Filed March 19, 1935.

*George M. Okell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

WHITFIELD, C. J.—Upon an indictment for murder in the first decree and a verdict of murder in the first degree with recommendation to mercy, the defendant was adjudged guilty and sentenced to life imprisonment, and took writ of error. Trial was begun February 13, 1934. Verdict was rendered February 16, 1934. Motion for new trial was made February 20 and denied March 31, 1934.

Among the grounds of the motion for new trial were several to the effect that a named juror was insane prior to, during and after the trial, and that proceedings were taken during the trial to have such juror adjudged insane by the County Judge of the county under the statute, all of which was unknown to defendant and his counsel until after the trial. Affidavits were adduced in support of such grounds of the motion.

The Court made the following order:

"This cause coming on to be heard this 31st day of March, A. D. 1934, for argument and disposition, on motion for a new trial in open Court and the defendant, Roosevelt McCartia, being present in open court, together with George M. Okell, Esquire, attorney for defendant, and Vernon Hawthorne, Esquire, State's Attorney, and before the making and entering of an order denying the motion for a new trial in this cause, and it appearing to the Court that the defendant, Roosevelt McCartia, had filed certain supplemental supporting affidavits in support of said motion for a new trial and the Court having before it for inspection and after inspection of the files and records of the County Judge's Court in and for Dade County, Florida, in the matter of the petition of certain petitioners, petitioning the said Court to inquire and examine into the mental condition of one, Harry S. Jones, together with the files and records of said Court, the said Harry S. Jones being the Harry S. Jones mentioned in said supplemental supporting affidavits and the said Harry S. Jones that served as a juror and foreman of the jury in the trial of the State of Florida versus Roosevelt McCartia in the above styled cause and it appearing to the Court from inspection of said files and said records above mentioned that the question of the sanity or insanity of the said Harry S. Jones, both prior to and subsequent to his service as a juror in this cause, has been adjudicated by County Judge's Court to the effect said Harry S. Jones was sane and the action of the said County Judge's Court in and for Dade County, Florida, is considered by this Court as *res adjudicata* in regard to the sanity or insanity of the said Harry S. Jones.

"THEREUPON, the Court of its own motion, orders that the supplemental affidavits in support of said motion for a new trial be and they are hereby expunged from the record

of this court in the above and entitled cause on the ground that the decree made and entered on said inquisition of said County Judge's Court adjudicates the said Harry S. Jones to be sane, both prior to and subsequent to his service as a juror in this cause.

"IT IS ORDERED AND ADJUDGED that a transcript of the files, pleadings and record in said cause of the petition for an inquisition of lunacy of the said Harry S. Jones above mentioned be and is hereby ordered by this Court to be filed in this cause. An exception is hereby noted for the defendant to the ruling of the Court and of the order directing and expunging from the records the supplemental affidavits in support of motion for a new trial and to the order directing the filing of the transcript of the files, pleadings and records in the inquisition of the lunacy of the said Harry S. Jones pending in the County Judge's Court in and for Dade County, Florida."

The statute provides that the names selected by the county commissioners for jury duty shall be of "such persons only * * * as are law abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm." Sec. 4444 (2772) C. G. L.

In lunacy proceedings before the County Judge under the statute, the inquiry is "to ascertain his or her mental and physical condition at the date of the examination, and if considered insane, whether the insanity is acute or chronic, its apparent cause, the hallucination, if any, and the age and propensities of the subject." Sec. 3655 (2309) C. G. L. This is done with reference to the care of the patient and not to service as juror.

While the proceedings and determinations in such cases under the statute might be evidentiary in proceedings in

the Circuit Court to determine the alleged insanity of a juror, yet an adjudication by the County Judge in such statutory proceedings that a person is sane, is not *res adjudicata* of the question of the mental qualifications of a juror in a murder trial when enquired into in the Circuit Court.

It appears from the order of the Circuit Court that the Court did not duly determine the issue of the insanity of the juror made by the motion for new trial. This was reversible error.

Reversed.

BROWN, and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.