## RAWSON v. HARDY et al.

No. 5395. Decided February 13, 1936. (54 P. [2d] 1213.)

*De Vine, Howell & Stine* and *J. E. Evans,* all of Ogden, for appellants.

*J. Quill Nebeker, Arthur Woolley,* and *L. J. Holther,* all of Ogden, for respondent.

WOLFE, Justice.

Robert N. Hamblen, by counsel, has petitioned for a rehearing, setting up that the court has in its last opinion filed in this case on July 20, 1935, *Rawson* v. *Hardy*, 88 U. 131, 48 P. (2d) 473, failed to make any determination as to the rights of Hamblen, and further contending that, since this court remanded the case with instructions to permit the parties to amend the pleadings with respect to fraud and lack of consideration, if they be so advised, and introduce evidence on such issues, that Hamblen's status cannot further be disturbed. Point has been made also of the fact that the petition for a rehearing on the part of Harding in no way questioned the holding of the former opinion, 88 U. 109, 39 P. (2d) 755, to the effect that title should be quieted in Hamblen. We think that counsel for the Hamblens are correct. No charge of fraud or collusion was made in the original complaint against the Hamblens. No charge was made that Hamblen knew of any alleged fraud or lack of consideration. The endeavor was to set Hamblen's deed aside purely on the ground that Clarence Hardy, when he executed the deed to Harding, was incompetent to make the same and consequently that Harding never received title, and therefore the Hamblens, grantees of Harding, never received title.

Both opinions written in this case, *Rawson* v. *Hardy*, 88 U. 109, 39 P. (2d) 755, on rehearing 88 U. 131, 48 P. (2d) 473, concluded that the evidence was not sufficient to support a finding of incompetency. In the last opinion the parties are permitted to amend to set up fraud or lack of consideration, if they be so advised, but this must be construed as a permission to amend only in respect to Harding. The order in regard to the Hamblens, therefore, is that the judgment of the lower court against them is reversed, with instructions to enter judgment in their favor, quieting title in Robert N. Hamblen and against the respondent; the said property being described in the complaint as follows:

"A part of the Northwest Quarter of Section 23 in Township 5 North, Range 2 West of the Salt Lake Meridian, U. S. Survey: Beginning at a point 20 rods East and 10 rods South of the Northwest Corner of said Quarter Section; running thence South 17.5 chains; thence East 40 rods; thence South 21 rods; thence East 36 rods, more or less, to the West line of the right of way of the Oregon Short Line Ry. Company; thence Northwesterly along said right of way, to the Southeast Corner of land now owned by the Craig Canning Company; thence West 150 feet, along South line of Craig Canning Company's land; thence Northerly 129 feet along said Craig Canning Company's land; thence West 57 feet; thence Northerly 161 feet along West line of said Canning Company's land; to North line of said Quarter Section; thence West to a point 26 rods East of Northwest Corner of said Quarter Section; thence South 10 rods; thence West 6 rods to place of beginning, containing 33 acres."

In view of the modifications by way of additions to the opinion filed herein July 20, 1935, the petition for a rehearing filed August 7, 1935, by Robert N. and Margaret Hamblen is hereby denied.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.