STATE, Respondent, *v.* BUCY, Appellant.

(No. 7,676.)

(Submitted April 8, 1937.  Decided April 12, 1937.)

[66 Pac. (2d) 1049.]

*Mr. E. F. Bunker,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. N. A. Rotering,* First Assistant Attorney General, for the State, submitted a brief; *Mr. Carl N. Thompson,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant was found guilty of assault in the first degree; he moved for a new trial, which was denied. The appeal is from the order denying a new trial.

The sole question presented by the appeal is whether a new trial should have been granted by reason of the alleged insanity of one of the jurors who sat in the case. In support of the motion for new trial affidavits were presented showing that one of the jurors on July 21, 1927, had been declared insane and ordered committed to the insane asylum, and that he had never been judicially restored to competency either by court order or by a certificate under section 5685, Revised Codes, and that the fact of the insanity proceedings was not known to defendant or his counsel until after the verdict was returned.

In opposition to the motion the state filed affidavits of two physicians stating, in effect, that they examined the juror on November 28, 1936, being the day the verdict was rendered; that they were of opinion that the juror is "quite competent mentally," and that, after having an extended conversation with him, they did not notice any abnormality in his mind or conduct at

that time.  A layman well acquainted with the juror made affidavit that he had never noticed any peculiarity in the actions, manner or talk of the juror, and that he knew him to be a competent and trustworthy farm employee.

The juror himself made affidavit that he had been committed to the asylum on July 21, 1927, and was released in September of the same year after the officers of the institution had notified his parents that he was cured and ready to be released.  He stated that the reason for his confinement was a nervous breakdown; that after his release he worked as a farm laborer, and that since the spring of 1934 he has been a ranch foreman.  At the time of the hearing on the motion for new trial the juror was examined as a witness and testified more in detail relative to the matters contained in his affidavit.  The records of the court resulting in the commitment in 1927 were also introduced in evidence.

Under our statutes (secs. 8890 and 8892, Rev. Codes), a juror ▮▮▮▮ is not competent to act as such who is not in possession of his natural faculties.  Defendant takes the view that, since the juror was adjudged insane under sections 1431 to 1438, Revised Codes, and committed to the insane asylum, he must be conclusively presumed to remain insane until restored to capacity under section 10415, Id., or until obtaining a certificate under section 5685.  This contention cannot be sustained.  The courts are practically in accord in holding that under statutes similar to our sections 1431 to 1438, inclusive, and section 5685, the adjudication does not establish a conclusive presumption of insanity.  (*People* v. *Willard,* 150 Cal. 543, 89 Pac. 124; *People* v. *McConnell,* 80 Cal. App. 789, 252 Pac. 1068; *Fetterley* v. *Randall,* 92 Cal. App. 411, 268 Pac. 434; *In re Carniglia's Guardianship,* 139 Cal. App. 629, 34 Pac. (2d) 752; *Hitch* v. *Superior Court of Ventura County,* 2 Cal. App. (2d) 406, 38 Pac. (2d) 190; *Hale* v. *Hale,* 245 Ky. 358, 53 S. W. (2d) 554; *Rawson* v. *Hardy,* 88 Utah, 131, 48 Pac. (2d) 473, rehearing denied 88 Utah, 146, 54 Pac. (2d) 1213; *Hoye* v. *State,* 169 Miss. 111, 152 So. 644; *Aetna Life Ins. Co.* v. *Cornelius,* 226 Ala. 452, 147 So.

632; *Fleming* v. *Bithell,* 56 Idaho, 261, 52 Pac. (2d) 1099; *Cubbison* v. *Cubbison,* 45 Ariz. 14, 40 Pac. (2d) 86.) Other cases are cited in the exhaustive note in 7 A. L. R. commencing on page 568, and in 68 A. L. R. 1309 et seq.

By virtue of section 5685, supra, an adjudication of insanity under sections 1431 to 1438, inclusive, does not establish a conclusive, but a rebuttable, presumption of insanity. Section 5685 substitutes for the presumption of sanity the presumption of insanity until the certificate therein provided for is obtained. The latter part of that section merely provides, in effect, that the certificate there mentioned re-establishes the presumption of sanity for that of insanity. Hence, without the certificate, there is a presumption of insanity, but this is a rebuttable presumption, as the cases above cited show. The question, therefore, became one of fact as to whether the juror was competent mentally at the time of the trial. (*In re Robert Buchanan,* 158 U. S. 31, 15 Sup. Ct. 723, 39 L. Ed. 884; *McKenzie* v. *State,* 116 Tex. Cr. Rep. 395, 11 S. W. (2d) 172, 12 S. W. (2d) 578; *Carter* v. *State,* 102 Tex. Cr. Rep. 517, 278 S. W. 840; *State* v. *Eskildson,* 36 N. M. 238, 13 Pac. (2d) 417; *State* v. *Welty,* 65 Wash. 244, 118 Pac. 9; *McCartia* v. *State,* 118 Fla. 810, 160 So. 364.)

There was ample evidence to sustain the finding of the trial court that the juror was in possession of his natural faculties at the time of the trial. The matter was addressed to the discretion of the trial court, and, since there was evidence to sustain its ruling we cannot disturb it.

The order appealed from is affirmed.

MR. CHIEF JUSTICE SANDS, and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied April 27, 1937.