158 So.2d 481

Joseph H. JONES

v.

Carrah JONES.

7 Div. 547.

Supreme Court of Alabama.

Nov. 21, 1963.

Thos. Reuben Bell, Sylacauga, for appellee.

Stringer & Montgomery, Talladega, and Teel & Teel, Rockford, for appellant.

COLEMAN, Justice.

This is an appeal by defendant, in an inquisition of lunacy, from a decree of the Probate Court of Talladega County declaring defendant to be of unsound mind.

The proceeding was begun by petition, filed February 3, 1961, by the mother of defendant.

Defendant filed answer alleging, severally:

(1) That he had been declared incompetent in 1949 by the Probate Court of Coosa County, and was declared competent by the same court on January 26, 1961; that defendant's mental condition has not degenerated since January 26, 1961; and that his mother, appellee, was a party to said proceedings resulting in said decree of January 26, 1961.

(2) That on the day the instant petition was filed, defendant was of sound mind.

(3) That at the present time defendant is of sound mind.

The answer was filed February 28, 1961, which is the date of the instant trial and of the decree appealed from.

Defendant severally assigns as error the refusal of five charges in writing requested by defendant to be given to the jury. The reporter will set out Charges 1, 3, and 5. Charge 2 is substantially the same as Charge 1, and Charge 4 substantially the same as Charge 3.

Without question, the adjudication of unsoundness of mind has the qualities of a judicial proceeding. If, on the inquisition, the defendant is found to be of sound mind, it is res judicata, and a further proceeding of like kind cannot be instituted at once and sustained if the evidence discloses no change of mental status. Pope v. Bolin, 224 Ala. 322, 140 So. 382.

We are of opinion that a decree in proceedings instituted under § 16, et seq.,

Title 21, Code 1940, declaring a person to be of sound mind is likewise res judicata, and that a subsequent inquisition cannot be sustained if the evidence discloses no change of mental status.

In Pope v. Bolin, supra, the proceeding was to revoke a declaration of incompetency. This court held that it was error, in that case, to refuse Charges 3 and 4 which were to effect that the jury should not declare the person there involved to be of sound mind unless the jury were reasonably satisfied from the evidence that said person had improved mentally and become capable of handling her affairs since she had been declared incompetent in the prior lunacy inquisition.

In the case at bar, Charges 1 to 5 are to effect that defendant should not be declared incompetent unless he had degenerated mentally and become incapable of handling his affairs since he had been declared competent in the prior revocation proceedings.

The issue is essentially one of presumption as to mental status and burden of proof as to showing a change therein. In each case, the burden of showing change is on the party alleging it. We are of opinion that Charges 1 to 5 correctly state the law in this respect and that refusal of these charges was error.

Appellee argues that Charge 3 is unintelligible. Charge 3 as set out in appellee's brief is not the same as Charge 3 in the record, which is intelligible.

Appellee argues further that the charges are bad because they assume as a fact a matter which is in issue and subject to be proved by defendant, to wit, that defendant had been declared competent by the Coosa County Court on January 26, 1961.

Appellee is correct in saying that defendant had the burden of proving that he had been declared competent on January 26, 1961, as alleged in the answer. Defendant supported that burden. Defendant's Exhibit A purports to be a true copy of the decree of the Probate Court of

Coosa County, rendered January 26, 1961, wherein defendant was declared to be of sound mind. Exhibit A is certified by the Judge of Probate of Coosa County to be a full, correct, and true copy of the decree. Exhibit A was admitted into evidence without objection, and neither its authenticity or correctness is challenged by appellee.

 It is improper, in charging juries, for the court to assume, or state as fact, any material matter which depends on the sufficiency of oral testimony for establishment of such matter.

"* * *. But this rule has a well-defined exception, generated by the great inconvenience that would result from its literal and extreme application in all cases. In the trial of most issues, the real contention is not over every question of law or fact that is involved directly or incidentally. The contestants are usually agreed on many questions,—frequently, very important questions. These become the incident—an indispensible incident— in the cause; but they are not the real subject in contestation. They are material facts, but they are not disputed facts. If the trial judge in giving his charge to the jury, were required to state all such non-contested facts in the form of hypothesis, his charges would frequently become cumbersome and confusing, if not misleading. The exception to the rule is, that when the record shows affirmatively that certain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis.— Henderson v. Mabry, 13 Ala. 713; Gillespie v. Battle, 15 Ala. 276; Kirkland v. Oates, 25 Ala. 465; S. & N. Ala. R. R. Co. v. McLendon, 65[63] Ala. 266. Care must be observed, however, in applying this principle. It should not be applied, except in cases where it is manifest that the particular fact is conceded, or not controverted. * *"

Carter v. Chambers, 79 Ala. 223, 227, 228.

 That defendant was declared competent as shown by Exhibit A is not controverted. We are of opinion that the charges are not subject to the objection urged by appellee. Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 117 So. 78.

Because another trial is necessary, we forego consideration of the assignments asserting error in refusal of affirmative charges requested by defendant. There was evidence, at least some of which was improperly admitted, to effect that defendant was of unsound mind. If, on another trial, there be no evidence to support a finding of incompetency, defendant will be entitled to affirmative instructions.

Defendant assigns as error the overruling of his objection to the following questions which were propounded to laymen, to wit:

"Q In your opinion, have Joseph's mental faculties become so impaired as to make him incapable of protecting himself or properly managing his property or affairs?

 * * * * * *

"Q Would Joseph by reason of his mental impairment, in your opinion, be liable to be deceived or imposed on by artful or designing persons?"

The answers were in the affirmative.

To each question defendant interposed the following objections:

"We object to the question on the following, separate and several grounds: No facts are shown upon which to base such an opinion; the witness is not shown to be qualified to express such an opinion; it invades the province of the jury and is the very question that the jury is to decide; the witness is not qualified to so testify because no actions are shown to predicate such an answer on; the question is not relevant under the issues

in that no actions of Joseph are shown since January 26, 1961."

To authorize a non-expert witness to give his opinion of the existence of an unsound condition of mind, he must not only have had the opportunity to form a judgment, but the facts on which such judgment is based must be stated. Equitable Life Assur. Soc. v. Welch, 239 Ala. 453, 195 So. 554. A condition precedent to the admission of such an opinion is that the facts should be stated upon which the opinion is based. Lackey v. Lackey, 262 Ala. 45, 54, 76 So.2d 761. The cited cases refer to many authorities which support the rule.

The facts on which to base an opinion that defendant was of unsound mind, as stated by all of petitioner's witnesses, are meager, if not non-existent. Defendant's mother testified that defendant was born in 1918, lived with witness until he went into the army, the only thing unusual about defendant " * * * is that he spends money mighty fast. There is nothing else different about him. He has done mighty nice. He don't talk much. There is nothing else uncommon about him. He never was much to talk. * * * he was treated for TB of the lungs. I saw him about two weeks ago. * * * I filed this petition to keep my check from getting stopped and because it is best for me and best for Joseph." Defendant "was in the hospital after his army service. He was brought out in April, 1956, * * *. He was married in June of the same year. He is spendy and he ain't much to talk. If the court finds Joseph to be a person of sound mind, it will leave me in bad shape and him in bad shape, since both our checks will be stopped."

There is nothing in the testimony of the mother on which to base an opinion that defendant was of unsound mind. We are of opinion that defendant's objection asserting that the witness had not stated facts on which to base her opinion of unsoundness of mind was well taken and that the court erred to reversal in abuse of its discretion in overruling defendant's objection to the questions propounded to defendant's mother.

Also well taken was the objection that no action of Joseph subsequent to January 26, 1961, was shown.

The questions are taken from a statement quoted from C.J.S. in Smith v. Smith, 254 Ala. 404, 409, 48 So.2d 546. This court has approved certain questions as proper on the issue of insanity in Equitable Life Assur. Soc. v. Welch, supra; Wear v. Wear, 200 Ala. 345, 76 So. 111; Hornaday v. Hornaday, 254 Ala. 267, 48 So.2d 207, 22 A.L.R.2d 749; and cases cited in The Law of Evidence in Alabama, Vol. 1, McElroy, Second Edition, § 128.01, page 308, et seq. We have found no case in this state dealing with the instant question. See: Hamrick v. State ex rel. Hamrick, 134 Ind. 324, 34 N.E. 3; Silver v. Newcomer, 80 Ind.App. 406, 140 N.E. 455; Londonderry v. Fryor, 84 Vt. 294, 79 A. 46; In re Coburn, 11 Cal.App. 604, 105 P. 924. On another trial, possible error may be avoided by asking questions in the forms already approved by this court.

The overruling of objection to the same questions to witnesses, other than the mother, is subject to the same criticism.

The witness Hollifield, attorney for the Veterans Administration, testified as follows:

"I have in my possession Joseph's records which are kept under my supervision in my office.

"(Mr. T. Reuben Bell then propounded the following question:)

"Q What do such records show the mental condition of Joseph H. Jones to be?

"(Objection by Mr. C. W. Stringer:) We object to the question on the following, separate and several grounds: the same is hearsay; the same relates to a period prior to January 26, 1961, and not after that date, and hence is not relevant to the issues; the same

effectively denies us the right of cross examination.

"BY THE COURT: Objection overruled.

"BY MR. C. W. STRINGER: We reserve an exception.

"BY THE WITNESS: It shows that Joseph has a schizophrenic type reaction."

The court erred in overruling objection to the last quoted question. The question clearly called for hearsay.

Hollifield further testified:

"Q Is there, in your opinion, any evidence of mental deterioration in Joseph today from his condition on January 26, 1961?

"BY THE WITNESS: No. He is just not competent.

"BY MR. C. W. STRINGER: We move to exclude the statement that he is just not competent on the following, separate and several grounds: the same is not responsive to the question asked; is prejudicial and invades the province of the jury.

"BY THE COURT: Motion overruled.

"BY MR. STRINGER: We reserve an exception."

We are of opinion that the court erred in overruling the motion to exclude the statement: "He is just not competent."

■ Appellee argues that failure to exclude is not error because this same witness had previously testified to the same effect. The witness had so testified previously, but to that testimony also defendant had objected. We do not think defendant can be charged with waiver of or failure to make objection to this testimony.

On cross-examination of defendant's expert witness, Dr. Camp, petitioner propounded the following questions:

"Q Have you read Dr. Kay's report of the phychiatric examination of Joseph?"

"Q Do you agree with the conclusions reached in such report?"

"Q Then you agree that Joseph is a schizophrenic?"

Defendant objected to each question on the ground that the report is hearsay and was made prior to January 26, 1961. The objections were overruled.

To the first and second questions, the witness answered: "Yes."

Dr. Kay's report is not in evidence. Dr. Kay did not testify.

We do not understand how the evidence called for by the first two questions could injure defendant, but it does seem irrelevant and immaterial.

■ The third question, however, certainly implies that Dr. Kay reported that defendant "is a schizophrenic." We are not unacquainted with the attainments of a certain physician bearing that name, but there is nothing in this record to show who made the report in question or that the maker possessed any learning or experience which qualified him to express an opinion on defendant's sanity. Clearly, appellee, in direct examination to prove her own case, should not have been permitted to prove by another what Dr. Kay had reported or said. At least appellee could not do so without violating the rule against hearsay.

We are of opinion that the third question called for hearsay, was improper, and that overruling objection thereto was error.

For the errors pointed out the decree is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.