167 So.2d 719

Edward D. SEWALL, pro ami,

v.

Mavis C. FINCHER, Guardian.

I Div. 239.

Supreme Court of Alabama.

Sept. 24, 1964.

Horne, Webb & Tucker, Atmore, for appellant.

Adams, Gillmore & Adams, Grove Hill, for appellee.

SIMPSON, Justice.

On January 10, 1964, appellant Edward D. Sewall was declared by a jury to be a person of unsound mind after proper proceedings held in the Probate Court of Clarke County, and his niece, Mavis C. Fincher, who initiated the inquisition, was appointed guardian of his estate.

Subsequently, on February 20, 1964, appellant filed his petition for revocation of the guardianship under the provisions of Title 21, § 16, Code, which petition was duly supported by affidavits of two physicians stating that in their opinion, Sewall was of sound mind. The guardian filed her denial of the allegations of the petition and the cause was set for trial on March 6, 1964. The trial was duly held and at the conclusion of the testimony offered by petitioner Sewall, the trial judge gave the following charge at the request of the guardian:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case, your verdict must be that Edward D. Sewall is a person of unsound mind."

The jury accordingly returned its verdict that Edward D. Sewall was a person of unsound mind and the court entered its decree in accordance therewith. The appeal is from that decree, and the only assignment of error argued in brief by appellant is based upon the court's action in giving the quoted charge.

Both sides cite the case of Pope v. Bolin, 224 Ala. 322, 140 So. 382, which we agree is controlling. That case is strikingly similar to the case at bar, and sets out the governing issues in a proceeding such as this. Simply stated, the law is this: The adjudication of unsoundness of mind made in January, 1964 is conclusive of that status at that time. The adjudication is res judicata and a further proceeding of like kind cannot be successfully presented if the evidence discloses no change of mental status. —See also Jones v. Jones, 275 Ala. 678, 158 So.2d 481.

The burden is upon the petitioner for revocation to prove a changed mental condition since the decree adjudicating him of unsound mind. The issue is essentially one of presumption as to mental status and burden of proof as to showing a change therein. The proceeding for revocation cannot be employed to retry the issue adjudicated on the inquisition.—Jones v. Jones, supra.

We have carefully reviewed the record. Two medical doctors testified that appellant was of sound mind presently and that he "possesses reasonable facilities for a man of his age" (74 years of age). Both stated that there was no appreciable difference in his mental condition between December, 1963 and March, 1964, the time of the hearing. All of the lay witnesses testified that there was no change in Mr. Sewall's mental condition during the last six months. Inasmuch as not a single witness testified that appellant's mental condition had improved since the adjudication of incompetency in January, the trial court correctly charged the jury as set out above.

No other assignments of error having been argued, we conclude in favor of the decree.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.