ADAMS, Justice.
Onva W. Nigg appeals a denial of her petition to revoke a decree declaring her to be of unsound mind and appointing a guardian for her. Nigg, 81 at the time of her petition, is a widow and lives alone. It is undisputed that her vision and hearing are impaired.
Nigg’s sisters, Leila Moore and Sadie Young, originally petitioned the probate court of Cullman County to declare her non compos mentis and commit her property to the custody of a guardian. A writ to take custody of Nigg for this lunacy inquisition was returned with the county sheriff’s statement: “It not being consistent with the health and safety of the said Onva W. Nigg ... I have not taken her into custody and do not have her present at the place of trial.” A six man jury found her to be of unsound mind, and the probate court subsequently issued a decree to that effect. The court also appointed Thomas A. Smith, the attorney for Nigg’s sisters, as guardian of Nigg’s estate. According to Nigg’s testimony, the only notice to her of this inquisition occurred when Smith appeared at her home to inform her of the decree.
Later obtaining her own legal counsel, Nigg filed a petition for revocation of the non compos mentis decree pursuant to Code 1975, § 26-2-51. The petition named her two sisters and the court appointed guardian as respondents. This proceeding was tried in the same probate court before a six man jury. Evidence was introduced by both sides to the issue of Nigg’s mental state. Nigg was present at this proceeding. The jury returned a verdict upholding the original decree of non compos mentis from which Nigg appeals.
Appellant makes two primary arguments on this appeal:
1. She was not given the required notice of the lunacy inquisition and thus was denied due process of law, voiding the entire proceedings.
2. In any event, the verdict of non compos mentis cannot be sustained on any reasonable hypothesis of fact founded on the evidence and thus must be set aside.
Addressing the first argument, we note there is merit in the contention that appellant was not given the necessary notice of *49 the lunacy inquisition. The requirement of notice in such proceedings was fully discussed in Fowler v. Fowler, 219 Ala. 453, 455, 122 So. 440 (1929), viz.:
The only notice to the alleged lunatic provided for by the statute, and the only way in which the court can acquire jurisdiction of his person, is to issue “a writ directed to the sheriff to take the person alleged to be of unsound mind, and, if consistent with his health or safety, have him present at the place of trial,” and “by the statute it is made the duty of the sheriff to take the body, without condition.” Craft v. Simon, 118 Ala. 625, 24 So. 380; Simon v. Craft, 182 U.S. 427, 21 S.Ct. 836, 45 L.Ed. 1165; Fore v. Fore, 44 Ala. 478.

The wise policy of the statute requiring that the sheriff take the person of the alleged lunatic into his custody is to bring the alleged lunatic notice by restraining him of his liberty, so that if he has any mind at all he will realize that he must defend in order to remove this restraint, and, if not, persons interested in his freedom and his property rights may come to his aid. Anything short of this cannot be approved as due process of law. 6 R.C.L. 446 § 442; Simon v. Craft, 182 U.S. 427, 21 S.Ct. 836, 45 L.Ed. 1165.
However, this issue is not presented for our review. Appellant did not appeal the proceeding which she now seeks to void. This remedy was available under Code 1975, § 12-22-20, and was followed in the very case on which appellant relies, i. e., Fowler v. Fowler. Instead, appellant filed a petition for revocation, seeking to prove she was of sound mind. Such is the thrust of this proceeding, as indicated in Code 1975, § 26-2-51:
At any time after the inquisition, the person ascertained to be of unsound mind, by himself or by next friend, may apply in writing to the court of probate for a revocation of the proceedings against him and of the letters of guardianship, the application to be accompanied by the certificate in writing of two physicians or of two other competent persons stating that, after examination of such person, they believe him to be of sound mind.
This entire revocation proceeding was tried on the assumption of the validity of the original inquisition. Although the petition for revocation briefly notes that the inquisition “was held without her knowledge ...,” at no time during the revocation proceeding did appellant seek a ruling on this issue. Furthermore, when opposing counsel made references to the findings of the lunacy inquisition in his opening and closing arguments, appellant made no objections. Throughout his arguments to the jury, appellant’s attorney stated his purpose to revoke the non compos mentis decree by proving appellant was of sound mind. Other than the brief and ineffectual mention of the notice issue in the revocation petition, we find no other indication in the record that appellant sought to revoke the inquisition decree on the ground of a denial of due process. As this Court noted in Vaughn v. Thomas, 372 So.2d 1309, 1311 (Ala.1979), “A party cannot try his case on one theory and then appeal on a separate theory.”
Closely akin to this rule is the following applicable principle of appellate review stated in Haskew v. Bradford, 370 So.2d 259, 262 (Ala.1979): “A question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal.” Appellant argues that the burden of proof was wrongfully shifted to her, since the lunacy inquisition was void. After an inquisition declaring a person non compos mentis, the burden shifts to that person to prove he is of sound mind in a revocation proceeding. Pope v. Bolin, 224 Ala. 322, 140 So. 382 (1932). Despite the possible merits of this contention, appellant has failed to preserve it for our review. At no point during the trial did she object or obtain a ruling on the proper burden of proof. When opposing counsel argued to the jury that the burden of proof was placed on appellant and even when the trial court instructed to that effect, the record is con *50 spicuously silent as to any objections from appellant. As stated in McWhorter v. Clark, 342 So.2d 903, 905 (Ala.1977), “Regardless of the merits of appellee’s contentions, we shall not review questions not decided by the trial court.”
In her second argument, appellant claims the jury verdict of non compos men-tis should be set aside because it cannot be sustained on any reasonable hypothesis of fact founded on the evidence. Hargrave v. Davis-Hunt Cotton Company, 294 Ala. 697, 321 So.2d 178 (1975). We cannot agree. There is ample evidence to support the verdict; it is apparent from the record that the verdict was not the result of compromise or mistake. Hargrave.
Appellant’s sister, Leila Moore, who lived next door and periodically visited appellant to deliver medicine, testified to the effect that appellant was not mentally and physically able to look after her own affairs. Myrtis Wallace, who lived with appellant and took care of her for five months prior to these proceedings, testified that, although appellant was a smart woman, she was incoherent at times and seemed confused. Appellant points to her own nine lay witnesses who testified to the effect that she was of sound mind. We note that several of these witnesses were relatives who had not seen appellant on a regular basis for several years. In any event, as this Court stated in Roberson v. Roberson, 284 Ala. 5, 6, 221 So.2d 122 (1969):
No rule of law is more firmly established by our decisions than where there is a conflict in the evidence the jury should be left to find the facts without interference by the court and “ * * * if there is any evidence tending to prove a fact, no matter how slight, the court has no right to take such question from the consideration of the jury. It is the province of the jury and not of the court to find from the evidence the truth of a disputed fact.” Tobler v. Pioneer Mining and Manufacturing Company, 166 Ala. 482, 52 So. 86 (1909).
Appellant relies heavily on the testimony of her expert witness, Dr. Veena Kapoor, a psychiatrist. After six days of physical and mental examination, Kapoor concluded appellant to be of sound mind. Yet, as this Court observed in Smith v. Smith, 254 Ala. 404, 406, 48 So.2d 546 (1950):
The opinions of expert witnesses as to insanity are not conclusive on the jury, but are to be weighed like other evidence, since expert evidence is intended to aid the jury, and its value depends largely upon the intelligence, experience, honesty and impartiality of the witnesses. The jury may reject all expert testimony though it is without conflict. George v. State, 240 Ala. 632, 200 So. 602; Hockenberry v. State, 246 Ala. 369, 20 So.2d 533. The judgments of experts or the inferences of skilled witnesses even when unanimous and uncontroverted are not necessarily conclusive on the jury. Sellers v. Knight, 185 Ala. 96, 64 So. 329; H. Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 73 So. 938 ....
Nevertheless, appellees did introduce expert evidence to contradict Kapoor’s testimony. Dr. Henry S. Beeler, who had been appellant’s physician for several years prior to these proceedings, made the following report introduced into evidence below:
Mrs. Nigg is an elderly lady that I have seen since April 1974. She is essentially blind and has significant hearing loss. The patient has had a history of drug abuse and cannot be relied upon to administer her own medications. Her physical and mental condition has deteriorated slowly over the past five years. In my opinion the patient is not able to manage her own affairs and is not likely to be able to manage them in the future.
Appellant’s argument that at no time did appellees’ witnesses or exhibits mention the magic phrase “unsound mind” is simply without merit. This is a conclusion to be drawn by the jury.
We cannot say that the jury verdict cannot be sustained on any reasonable hypothesis of fact founded on the evidence. In addition, appellant was present at this proceeding, so the jury could observe her before rendering its verdict.
*51 Having examined the record and having found the issues raised on appeal without merit, we hold that the judgment of the trial court is due to be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and EM-BRY, JJ., concur.