Onva W. Nigg appeals an order of the Probate Court of Cullman County declaring her to be non compos mentis and appointing a guardian for her. On a prior appeal, this Court upheld the decree of a proceeding pursuant to Code 1975, § 26-2-51, to revoke the order declaring her insane. Nigg v. Smith,395 So.2d 47 (Ala. 1981). Nigg now makes a direct attack on the original order.
Justice Adams, speaking for the Court, stated the facts as follows:
 "Nigg, 81 at the time of her petition, is a widow and lives alone. It is undisputed that her vision and hearing are impaired.
 "Nigg's sisters, Leila Moore and Sadie Young, originally petitioned the probate court of Cullman County to declare her non compos mentis and commit her property to the custody of a guardian. A writ to take custody of Nigg for this lunacy inquisition was returned with the county sheriff's statement: `It not being consistent with the health and safety of the said Onva W. Nigg . . . I have not taken her into custody and do not have her present at the place of trial.' A six man jury found her to be of unsound mind, and the probate court subsequently issued a decree to that effect. The court also appointed Thomas A. Smith, the attorney for Nigg's sisters, as guardian of Nigg's estate. According to Nigg's testimony, the only notice to her of this inquisition occurred when Smith appeared at her home to inform her of the decree.
 "Later obtaining her own legal counsel, Nigg filed a petition for revocation of the non compos mentis decree pursuant to Code 1975, § 26-2-51. The petition named her two sisters and the court appointed guardian as respondents. This proceeding was tried in the same probate court before a six man jury. Evidence was introduced by both sides to the issue of Nigg's mental state. Nigg was present at this proceeding. The jury returned a verdict upholding the original decree of non compos mentis from which Nigg appeals."
After this Court affirmed the judgment entered in the revocation proceedings, Nigg filed a motion for relief from decrees entered in the original proceeding in accordance *Page 1084 
with ARCP 60 (b)(4). Nigg argues that the Probate Court lacked in personam jurisdiction and thus the decrees entered were void. The probate judge denied the motion. Nigg appeals. We reverse and remand.
The issue presented on appeal is whether Nigg waived her right to appeal from the original decree of the probate court in accordance with Code 1975, § 12-22-20, by electing to first pursue the remedy provided by Code 1975, § 26-2-51, a revocation proceeding. We hold that Mrs. Nigg did not waive her right to attack a void judgment.
Alabama Rule of Civil Procedure 60 (b)(4) provides that a court may relieve a party from a judgment if that judgment is void. A lack of jurisdiction, either over the person or over the subject matter renders a judgment void. Gracielle v. StarGuidance, Inc., 66 F.R.D. 424 (S.D.N.Y. 1975). A void judgment may be distinguished from an erroneous one, which is subject only to direct attack. Lubben v. Selective Service System LocalBoard No. 27, 453 F.2d 645 (1st Cir. 1972). A judgment rendered by a court without jurisdiction may be directly or collaterally attacked, unless the jurisdiction question has already been adjudicated. Davis v. St. Paul Mercury Indemnity Co.,294 F.2d 641 (4th Cir. 1962). Since the question of jurisdiction was not presented in the revocation proceeding, the general rule is that the question may be presented on appeal unless there is some overriding policy reason to the contrary.[1]
Section 26-2-43 of the Alabama Code provides:
 "The judge of probate must issue a writ directed to the sheriff commanding him to summon six disinterested persons of the neighborhood for the trial thereof and also issue subpoenas for witnesses, as the parties may require, returnable to the time of trial. The probate judge must also issue a writ directed to the sheriff to take the person alleged to be of unsound mind and, if consistent with his health or safety, have him present at the place of the trial. (Code 1852, § 2751; Code 1867, § 3190; Code 1876, § 2758; Code 1886, § 3393; Code 1896, § 2258; Code 1907, § 4348; Code 1923, § 8106, Code 1940, T. 21, § 12; Acts 1945, No. 468, p. 704.)"
The return of service from the sheriff's office states on its face that Onva Nigg was not taken into custody or present at the trial. The writ does not aver that any notice was given Onva Nigg. While an alleged incompetent need not be restrained to establish the court's jurisdiction over him or her, the person must have notice of the proceeding. Prestwood v.Prestwood, 395 So.2d 8 (Ala. 1981). The Court's decree must affirmatively show the facts establishing jurisdiction over the allegedly insane person. Fowler v. Fowler, 219 Ala. 453,122 So. 440 (1929). The Court's decree recites nothing establishing that Onva Nigg had any notice of the proceeding. The decree merely states that "it would not be consistent with the health and safety of said Onva W. Nigg to have her present for the trial at said time." These allegations, without more, are simply insufficient to show the Court's jurisdiction over Onva Nigg.
The appellees contend that the revocation proceeding is a part of the original proceeding. Since the probate court had jurisdiction over Nigg in the revocation proceeding, the jurisdictional defects of the original proceedings were cured. Although the two proceedings may have some characteristics of a continuous proceeding, for the purpose of determining jurisdiction, they are not the same proceeding.
The revocation proceeding is one to allow a person who has been adjudged insane to show that he or she is now "of sound mind." Code 1975, § 26-2-51. The most compelling distinction between a proceeding adjudicating a person insane and a revocation proceeding is the burden of proof. In a proceeding to adjudicate a person insane, the burden of proving insanity *Page 1085 
is on those persons trying to prove insanity. See Hornaday v.Hornaday, 254 Ala. 267, 48 So.2d 207 (1950). In a revocation proceeding, however, the burden is on the allegedly insane person to prove sanity. Nigg v. Smith, 395 So.2d 47 (1981);Pope v. Bolin, 224 Ala. 322, 140 So. 382 (1932). The original proceeding and the revocation proceeding are not part of one continuous action for purposes of determining jurisdiction. Therefore, the jurisdictional defects of the first proceeding cannot be cured by establishing jurisdiction in the revocation proceeding. Such a holding would violate due process requirements of notice.
The appellees also argue that Nigg tried the revocation proceeding on the assumption that the original proceeding was valid. By choosing to bring a revocation proceeding, the appellees claim that Nigg elected between two mutually exclusive remedies and cannot now appeal the first action. Onva Nigg is not estopped from seeking relief in a direct attack. Nigg presented the issue of the validity of the first judgment in the appeal from the judgment entered in the revocation proceeding but this Court refused to review the issue. An essential element of precluding the relitigation of an issue is that the issue must have been actually litigated and determined. See Owen v. Miller, 414 So.2d 889 (Ala. 1981);Russell v. Russell, 404 So.2d 662 (Ala. 1981).
Finally, the appellees urge this court to hold that an appeal and a revocation proceeding are mutually exclusive remedies and that once Onva Nigg elected to pursue the remedy of a revocation proceeding, she was precluded from bringing a motion for relief from the original judgment and an appeal. This contention is untenable.
The revocation proceeding often gives a remedy in the case of changed circumstances, such as when the insane person is restored to sanity. A direct appeal from an inquisition permits review of error only in the original proceeding. While the two proceedings may serve some similar functions, clearly they provide remedies which are supplemental to each other.
There is no reason to make an exception to the general rule that a judgment which is void may be attacked in any proceeding, direct or collateral. Therefore, the judgment of the trial court is reversed and remanded for the trial court to grant the Rule 60 (b)(4) motion for relief from the judgment.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX and ADAMS, JJ., concur in the result.
[1] This Court in the first appeal, Nigg v. Smith, 395 So.2d 47
(Ala. 1981), refused to address the jurisdiction question because it was not properly presented on appeal. An inquisition may be attacked on jurisdictional grounds by a collateral action, including a revocation proceeding.