143 So. 193

**JEFFERSON COUNTY BUILDING & LOAN ASS'N v. WEAVER.**

**6 Div. 118.**

Court of Appeals of Alabama.

June 30, 1932.

W. H. Woolverton, of Birmingham, for appellant.

190

Harris Burns, of Birmingham, for appellee.

BRICKEN, P. J.

Appellant presents two insistences on this appeal: "(1) That it was entitled to the affirmative charge. (2) That the amount of the verdict and judgment is unreasonable and excessive."

As to the first insistence, appellant contends that without conflict the testimony in the case clearly shows that appellee was a mere tenant by sufferance; while appellee contends the relation between the parties landlord and tenant, under the evidence, was that of an express tenancy at will. Upon examination we are convinced upon the conflicting tendencies of the evidence the question involved was for the jury to determine under proper instructions by the court. The affirmative charge, therefore, was not in point, for the rule is such charge should never be given where there is any evidence tending to make a case against the party who requests the charge. Ode Grimes v. State, 24 Ala. App. 378, 135 So. 652, and cases cited.

Relative to insistence (2), to the effect that the amount of the verdict and judgment is unreasonable and excessive, we find there was a verdict and judgment in favor of plaintiff for $500. Motion for new trial was made, heard, and determined, by being overruled by the court.

The respective contentions of facts as shown by briefs of counsel are as follows; appellant in brief says: "This is an action for damages brought by appellee against appellant on account of an alleged trespass to real property by appellant's agents or employees acting within the line and scope of their authority. The property in question had been owned by appellee but was incumbered at the time of her purchase by a recorded mortgage to appellant, and she bought subject to said mortgage. Appellant's mortgage became in default and after a conversation between appellee and appellant's Secretary, in the course of which appellee said that she could not pay anything more on said mortgage and that they could have the property any time they wanted it and he said that they wanted it immediately, appellant foreclosed the mortgage and purchased the property at the foreclosure sale. A written demand for possession of the property was left by appellant's Secretary on the premises after foreclosure, but appellee never saw it. Appellee continued to keep her furniture on the premises and stayed there from time to time. She is a nurse by occupation and was away from the property when she was on a case. The mortgage was foreclosed in June, 1929, and for several months appellant made efforts to rent the property. Finally, in October, 1929, appellant obtained one McKinney as a tenant. Miss Weaver was in Florida at the time on an indefinite stay. Appellant's Secretary, who was handling the matter, tried to get in touch with her but was unable to do so and finally wrote her a letter at an address given him which letter appears in the testimony. Appellant then permitted McKinney to move into the premises and appellee's furniture was stored in one of the rooms in the house. Later, she returned, found the house occupied; went to a neighbor's to spend the night and later moved her furniture from the premises. She then brought this suit, claiming that she was wrongfully dispossessed of the property and that her furniture was damaged."

Appellee has the following to say as to the facts adduced upon the trial:

"Under my theory of the case it is probably necessary to set out a few additional facts not contained in the appellant's statement of the facts.

"Appellee, Ella D. Weaver, was occupying a house in October, 1929, which was owned by appellant. Mr. F. B. Yeilding, Secretary of appellant corporation, testified that he knew Miss Weaver was occupying the premises all that time, and that his company had a great many vacant houses, and that if a house was occupied the chances are that people won't break in it so easily. And that the fact that a house was occupied would be a protection to that property. Mr. Yeilding further testified that he knew appellee's furniture was there and never objected to it.

"The appellant corporation rented the property to H. C. McKinney and, according to a letter they wrote to appellee, they instructed Mr. McKinney to move in the house and store her furniture in one of the rooms. H. C. McKinney testified that the Jefferson County Building & Loan Association told him to go into that house.

"When Miss Weaver came to her home at 8:00 or 9:00 o'clock one night and found somebody else had taken possession she testified that she knocked on the door and went in and Mr. McKinney would not let her have her lamp, and that he was using it and burning her coal oil. She requested permission to go in one of the rooms and go to bed, and he refused it, and told her that she could not stay there, and told her further that he would call the policemen and throw her out. Whereupon she went to several other places seeking shelter for the night and then spent the night with a Mrs. West. And that when she moved she didn't get all her provisions, and that the bed springs were changed, the mattress was broken up, and that the springs she got were damaged and not as good as hers.

"She further testified that she had a Yale lock on the house and when she came back it was broken to pieces and taken off the door, and that she found it with her furniture, and that her cooking stove was in place and that there was no other cooking stove there."

She further testified as follows: "I was to give them possession of it (the house) whenever they sold or rented it, either one, and they were to notify me. I didn't ever receive from them a request there for possession. After there was some one in there I got a letter."

■ This court has given attentive consideration to all of the foregoing, and are of the opinion that the amount of damages awarded, as aforesaid, was excessive. We are of the opinion that the sum of $200 with interest thereon, but without statutory penalty, would be a just and proper recovery in the cause as required by the rule of law obtaining in the premises. Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548. The court therefore fixes upon the sum of $200, with interest thereon, and it is ordered that the judgment in this cause be reversed and the cause remanded, unless plaintiff, within 20 days from the date hereof, remit all damages in excess of said amount, in which event the judgment for the amount stated, $200, and interest, will be affirmed, without statutory penalty.

Reversed and remanded conditionally.