194 So. 161

**POLLARD et al. v. CROWDER.**

**5 Div. 300.**

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Jacob A. Walker, of Opelika, and C. S. Moon and Will O. Walton, both of La-Fayette, for appellants.

R. C. Wallace, of LaFayette, and D. G. Ewing and Clark & Trawick, all of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is an action against the receiver of the Central of Georgia Railway Co. and some of its servants for the wrongful death of the plaintiff's intestate. The trial court eliminated simple, initial negligence upon the idea that the plaintiff's intestate was guilty of contributory negligence. The case was therefore tried on the question of subsequent negligence on the part of the defendants and the subsequent or concurrent negligence of plaintiff's intestate, the issue being whether or not the servants of the railway were guilty of negligence after a discovery of the intestate's peril or whether or not the intestate continued his attempt to cross the track after the discovery that the car was approaching the said crossing.

 It appears that the railroad car that collided with or struck the intestate's truck was being pushed by the engine and that said car may have been an obstruction to the view of the enginemen, and a flagman or brakeman was stationed on top of said car as a lookout and as a means of warning to the enginemen. The

said brakeman, John Hart, alias Snow detailed the movements of the intestate from the time he first saw him until the collision, and the jury could well infer that the intestate never saw or heard the train from the time he got in his truck and reached the track. It was also a question for the jury as to whether this witness gave timely signals to the engineer after the discovery that the intestate was not aware of the approach of the train. He testified that he commenced hollering to the engineer, but he, a question for the jury, must not have relied on the carriage of his voice alone and could have probably given warning by flagging signals also, and this evidence alone was sufficient to carry the case to the jury and justify the refusal of the general charge for the defendants.

It was also a question for the jury as to whether or not the engineer did all proper and necessary things to avoid the injury after the fireman warned him of the danger. He may have applied the brakes, but it was open for the jury to find that a sharp blast of the whistle then and there may have warned the intestate. There was a conflict in the evidence as to the blowing of the whistle. Southern Railway Co. v. Sherrill, 232 Ala. 184, 167 So. 731, and cases there cited.

The first assignment of error argued in brief of counsel is the action of the court in refusing the motion for a new trial, but we feel that the case can be more orderly and properly treated by disposing of the other insistences of error for, if they present reversible error, we do not reach the question of the motion for a new trial. We do not wish to put the cart before the horse or the car before the engine, as was done in this case.

We have examined the rulings on the evidence and find no reversible error thereby presented and the appellants' exception to same is so plainly without merit and so elementary that it can serve no useful purpose to discuss same.

The trial court not only sustained the objection to the argument of plaintiff's counsel embraced in the 14th assignment of error but affirmatively instructed the jury not to consider same, and we think it was sufficiently eradicated.

There was no error in the exceptions to the oral charge as corrected by the trial court. Assignments 15, 16, 17 and 18.

There was no error in refusing the defendants' requested charge 1. It was a question for the jury as to whether or not the plaintiff was entitled to recover. Likewise, there was no error in refusing defendants' charge 2 as it included all the defendants.

Charge 6, refused the defendants, was without error. It was a question for the jury as to whether or not John Hart gave sufficient and timely notice to the engineer as to the peril of the intestate.

Charge 25, if not otherwise faulty, was abstract.

Charge 28, refused the defendants, asserts the law correctly as to contributory negligence as there hypothesized, but its refusal was of no injury to the defendants, as the court, in effect, ruled that the intestate was guilty of contributory negligence which precluded a recovery as for initial negligence of the defendants.

Charge 39, refused the defendants, if not otherwise faulty, was misleading as it was a mandatory instruction to the jury that they must consider the degree of culpability of the intestate and the defendants, and should reduce the amount of damages assessed against them accordingly. This charge was evidently intended to come within the influence of Louisville & N. R. Co. et al. v. Davis, 236 Ala. 191, 181 So. 695, and Southern Railway Co. v. Sherrill, 232 Ala. 184, 167 So. 731. Those cases were dealing with the question of punitive damages upon a motion for new trial and not with special instructions to the jury.

There was no error in refusing the motion for a new trial, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.