1 So.2d 36

### McCLAIN v. STATE.

### 7 Div. 556.

Court of Appeals of Alabama.

March 18, 1941.

Scott & Dawson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

### SIMPSON, Judge.

Conviction below was for trespass after warning. The lands involved were owned by the Robinson heirs, as tenants in common. In substantially statutory language, the complaint charged that appellant, having entered upon said premises, failed or refused, without legal cause or good excuse, to leave immediately upon being ordered or requested to do so by one of the joint owners, who was the agent of all.

■ The evidence was highly conflictory. That for the State fully supported the charge, whereas that for the appellant tended to prove his innocence. A jury question being thus presented, the court acted with due propriety in referring to the jury the issue of guilt. The general affirmative charge was properly refused. 6 Ala.Dig., Criminal Law ☞753(2).

■ We have searched the record for error, as it is our duty to do, and discover none. The few exceptions reserved upon trial to the rulings of the court upon the evidence are clearly without merit. The oral charge of the court, together with those given at the request of appellant, instructing the jury as to the applicable law, was ample, accurate and clear, and entirely fair to the accused. The refused charges were either comprehended in these instructions or were argumentative or incorrect statements of the law. We perceive no error in their refusal.

■ The jury believed the appellant guilty, as it was their province to do, under the evidence adduced, and this court should not and cannot overturn, without good and sufficient legal cause, the result there determined. No such reason is made to appear and we must perforce order affirmance of the judgment, below.

Affirmed.