4 So.2d 202

## CASE v. O'SHIELDS.

7 Div. 608.

Court of Appeals of Alabama.

June 24, 1941.

Rehearing Stricken Oct. 7, 1941.

Scott & Dawson and W. Jay Tindle, all of Fort Payne, for appellant.

C. A. Wolfes, of Fort Payne, for appellee.

SIMPSON, Judge.

The brief and argument of appellant challenges the propriety of the trial court's action in refusing certain of her duly requested written charges, among which were two general affirmative charges.

The various assignments asserting error in this regard are argued as a group, but some, if not all, of these charges were correctly refused. Therefore the rule, that several assignments to the refusal of charges, argued in bulk, will not be considered where one or more of such charges were properly refused, pretermits consideration of their refusal here. Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633, certiorari denied 229 Ala. 78, 155 So. 636; Southern Ry. Co. v. Sherrill, 232 Ala. 184, 192, 167 So. 731. Discussion will deal only with the refusal of the general affirmative charges, which we hold to have been properly refused.

The appellant having refrained (in brief) from making a condensed recital of the evidence in compliance with the rule (Sup.Ct. Rule 10), we will not attempt to recite the facts which, in our view, justified submitting the case to the jury. La-

mar Life Ins. Co. v. Kemp, ante, p. 138, 1 So.2d 760.

What this court said in Alabama Power Co. v. Gladden, 29 Ala.App. 438, 440, 197 So. 374, 375, 376 is sufficient answer to the appellant's contention that there was error in refusing the general affirmative charge:

"The well established rule of law governing the giving of general affirmative charges, and applicable here, is that, when the evidence is in conflict or when conflicting inferences may reasonably be drawn therefrom, or where it contains conflicting tendencies, a jury question is presented and the general affirmative charge should not be given nor a verdict directed. Jefferson County B. & L. Association v. Weaver, 25 Ala.App. 189, 143 So. 193; Williams v. Webb & Sons, 235 Ala. 433, 179 So. 528, 529, 530. It can also be added that it is further an established rule that, in determining the correctness of the trial court's refusal to give such instructions, the entire evidence must be viewed in its most favorable aspect for the adverse party, against whom they have been requested. Aiken v. McMillan, 213 Ala. 494, 106 So. 150. Or as otherwise expressed, where there is evidence from which a reasonable inference may be drawn adverse to a party, the affirmative charges requested by him are properly refused. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123; Commonwealth Life Ins. Co. v. Clark, 25 Ala.App. 588, 151 So. 604; Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411. It must be said in this case that there was at least a scintilla, if not more, of evidence to support the plaintiff's complaint and from which a reasonable inference might be drawn adverse to the defendant—necessitating reference of the issue to the jury for decision."

Or as stated by our Supreme Court in Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 622, 626, 108 So. 600, 604: "Such a charge [general affirmative] should not be given for the defendant when there is the slightest evidence in the case tending to prove a right of recovery by the plaintiff. The scintilla of evidence rule prevails in this state."

The testimony of the plaintiff, as that of other of his witnesses, although sharply contradicted by the defendant's evidence. warranted decision of the issue by the jury and sufficiently supported the verdict returned.

The remaining assignments of error are not sufficiently argued in brief to invoke a review by the appellate courts. Powell v. Pate, ante, p. 10, 1 So.2d 36, 38.

The entire case considered, we find no error to reverse. Accordingly, the judgment is affirmed.

Affirmed.