225 So.2d 848

**ALABAMA ELECTRIC CO–OPERATIVE, INC., et al.**

v.

**Mrs. Eddie Lee PARTRIDGE.**

**4 Div. 296.**

Supreme Court of Alabama.

July 10, 1969.

Powell & Sikes, Andalusia, for appellants.

444

Tipler & Fuller, Andalusia, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court of Covington County in favor of the plaintiff, Mrs. Eddie Lee Partridge, and against the defendants, Alabama Electric Co-Op, Inc.; Employers Mutual Liability Company of Wausau, Wisconsin, a corporation; and Don Taylor. The complaint alleges trespass and invasion of the right of privacy. The jury found for the plaintiff and against all defendants and assessed the damages at Five Thousand and no/100 Dollars ($5,000.00). Judgment followed the verdict. A motion for a new trial was filed and overruled.

There had been prior litigation by plaintiff against one of the defendants (Alabama Electric Co-Op). This suit was for personal injuries arising out of an automobile accident. The driver of an Alabama Electric Co-Op vehicle was included as a

co-defendant. In this case, Mrs. Partridge complained of, among other things, severe back injuries. She received a judgment of Thirty Thousand and no/100 Dollars ($30,000.00). The case was appealed and affirmed by this court. Alabama Electric Co-Operative, Inc. et al., v. Partridge, 283 Ala. 251, 215 So.2d 580. The evidence here was that before the trial of the personal injury case, Don Taylor, defendant in this case and employed by the Alabama Electric Co-Op, after conferring with the attorney for the Employers Mutual Liability Company and the attorney for the defendant, Alabama Electric Co-Op, and pursuant to their instructions, early one morning secreted himself inside an old abandoned house located some two hundred yards across a dead-end road from the plaintiff's home. Using high-powered binoculars and a movie camera with telephoto lens, he made motion pictures of the movements of certain individuals emerging from the plaintiff's home. The films were shown at the trial of the personal injury case and introduced as an exhibit. They were also shown at the trial of the present case now on appeal. There appears to be some question as to the identity of the individuals filmed, but it is generally conceded that the film showed plaintiff's daughter washing the family automobile, clad in a two-piece bathing suit. The film also purports to show a lady hanging out clothes and at that time wearing a housecoat which the plaintiff was seen wearing earlier. Finally, the film shows the plaintiff coming out to her car fully dressed and leaving the home. The films were not viewed by this court on this appeal.

■ It is well settled that Alabama recognizes that the wrongful intrusion into one's private activities constitutes a tort for invasion of privacy. Daily Time Democrat v. Graham, 276 Ala. 380, 162 So. 2d 474; Smith v. Doss, 251 Ala. 250, 37 So.2d 118; Abernathy v. Thornton, 263 Ala. 496, 83 So.2d 235.

■ Other authorities recognize that violation of the right of privacy may be actionable where the investigation of a person being watched, trailed, shadowed, or kept under surveillance is pursued in an offensive or improper manner.

Some of these cases include investigation of claimants or litigants for personal injury. One of the leading cases on the subject is Forster v. Manchester, 410 Pa. 192, 189 A.2d 147, 150. In that case, the plaintiff, who had been involved in an automobile accident, was the subject of a daily "activity report" conducted by a private detective engaged by the insurer for a party against whom the plaintiff had made a claim. It appeared that she was followed and filmed while on the public streets. The court denied injunctive relief and money damages, saying:

"* * * Thus, by making a claim for personal injuries appellant must expect reasonable inquiry and *investigation to be made of her claim and to this extent her interest in privacy is circumscribed.* It should also be noted that all of the surveillances took place in the open on public thoroughfares where appellant's activities could be observed by passersby. To this extent appellant has exposed herself to public observation and therefore is not entitled to the same degree of privacy *that she would enjoy within the confines of her own home."* (Emphasis supplied)

See also 13 A.L.R.3d, Annotation, p. 1025; Tucker v. American Employers' Insurance Company (Fla.App.), 171 So.2d 437.

Appellants filed a motion to strike appellee's brief for failure to comply with Supreme Court Rule 8 relating to required margins. Later appellee filed a similar motion to strike appellants' brief for the same reason. The motions are overruled. Southern Guaranty Ins. Co. v. Jones, 279 Ala. 577, 188 So.2d 537.

Assignments of Error 8–13 and 22–25

■ These assignments relate to the trial court's refusal to grant the affirmative charge both with and without hypoth-

esis (defendants' requested Charges 1, 2, 3, 4, 5, 6, A, B, C and D). These assignments of error are referred to in one brief paragraph in appellants' brief. "Assignments of error *not substantially* argued in brief will be deemed waived and will not be considered by the court." (Emphasis supplied)—Revised Rules of Supreme Court of Alabama, Rule 9(d). Appellants' only argument is that the investigation was conducted within reasonable and proper bounds. This, we feel, was certainly a question of fact for determination by the jury, rather than a question of law for determination by the court. The mere insistence of error without mention of authority does not amount to an argument. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

### Assignment of Error 7

■ This assignment alleges error in failing to admit Page 12 of a deposition of Shirley Jean Partridge (taken in her suit for invasion of privacy) and dealing with the type and color of a bathing suit worn by her when she was washing the family car. After reading the record, it does not appear to us that the witness denied anything she may have said in the deposition. Generally, it seems that she admitted her statements given in the deposition. The witness replied "Yes, sir" to five questions about the deposition and made a direct answer to a subsequent question. The record does not disclose if the deposition was shown to the witness and it is not a part of the record. There was no predicate laid and no denial by the witness of any part of her previous testimony so as to permit the introduction of Page 12 of the deposition. We hold the ruling here was without error.

### Asssignments of Error 20–21

This assignment deals with the refusal to give written charges requested by the defendant numbered 16 and 17, as follows:

"16. The Court charges the jury that as a matter of law where defendants have been sued in a tort action for alleged invasion of privacy such defendants have the legal right to investigate any and all claims which have been filed against them and have a legal right to make such investigation as such defendants deem necessary so long as such investigation is conducted with reasonable bounds.

"17. The Court charges the Jury that as a matter of law where defendants have been sued in a tort action for alleged invasion of privacy such defendants have the legal right to investigate any and all claims which have been filed against them and have a legal right to make such investigation as such defendants deem necessary so long as such investigation is conducted within proper bounds."

■ These charges seek to invoke the right of a defendant in a tort action for alleged invasion of privacy to make an investigation of all claims, provided that such investigation is conducted within "proper" or "reasonable" bounds. The trial court gave at the request of the defendants the following written charge:

"18. The Court charges the Jury that Defendants in a tort action have the legal right to investigate any and all claims which have been filed against them and have a legal right to make such investigation as such defendants deem necessary, provided that such investigation is conducted within legal bounds."

■ This charge correctly stated the law. The refused charges assert the same general right to investigate when sued, in tort action, but both charges invoke that right "for alleged invasion of privacy." Both charges are misleading and were properly refused. At the time of the investigation, the defendants were sued in tort for *personal injuries* and to the extent that they were entitled to make an investigation, including the making of pictures, it would be in connection with the tort action for personal injuries, not in connection with the present suit. There was

no error in refusing requested Charges 16 and 17: J. M. Card Lumber Co. v. Reed, 202 Ala. 322, 80 So. 404.

### Assignments of Error 28 and 37

In the closing argument, plaintiff's counsel made the following statement:

"A monetary award is the only thing you can do that will make them sit up and pay attention, because I'll tell you this, and I don't mean it disparagingly, it's just the truth, a company like the Employers Mutual of Wausau is not a person, they don't have blood in their veins, and you can't cut them and hurt them, the only thing you can make them notice is with money because that's what they are * * *." Whereupon, the following colloquy took place:

"MR. POWELL: If the Court please, we want to object to this argument where he said, in substance, that a company like Employers Mutual of Wausau is not a human being; it doesn't have any blood in their veins, and the only way you can punish them is with a substantial judgment. Now we object to that.

"THE COURT: Yes, I sustain the objection and instruct the jury to disregard that line of argument.

"MR. POWELL: And we move the Court in view of this improper argument to declare a mistrial of this case.

"THE COURT: I deny the motion for a mistrial.

"MR. POWELL: And we except."

The above statement, including the trial court's denial of the motion for a mistrial, is assigned as error (No. 28). We observe that the statement of counsel was not completed. We must, therefore, review the ruling on the record as it stands. This statement strongly advocates an award of punitive damages. An earlier ruling of the court refused to strike punitive damages. This element of damage was at that time a factor to be considered. In its oral charge the item of punitive damages was removed from the case. Following the objection, the court promptly sustained the objection and instructed the jury to disregard that line of argument. A motion by defendants' counsel to declare a mistrial was then made and was overruled.

Our courts on numerous occasions have been called on to consider questions of this nature. The facts and circumstances of each case vary and each must be considered in the light of what occurred. In Colquett v. Williams, 264 Ala. 214, 222, 28 So.2d 381, this court quoted from Anderson v. State, 209 Ala. 36, 95 So. 171, 179, as follows:

"'An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence * * *.' (Citing authorities.)"

Thereafter, *the Colquett case, supra,* was reversed for the repeated references by counsel to insurance coverage.

And, as stated in Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80: "* * * The final test is: Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?"

We hold that the prompt action of the trial court in sustaining the objection and instructing the jury to "disregard that line of argument" eradicated whatever prejudice might have attended counsel's remarks. City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174.

### Assignment of Error 6

Appellant contends there was error in permitting the witness Shirley Jean Par-

**448**

tridge to testify about the length of time her mother was hospitalized following the automobile accident in 1964.

The following occurred on direct examination:

"Q I know you were not present, Shirley Jean, but do you recall when your mother was hurt in a wreck in August of 1964?

"A Yes, sir.

"Q Did you learn of it that day?

"A Yes, sir.

"Q Did you go to the hospital?

"A Yes, sir.

"Q Was your mother in the hospital?

"A Yes, sir.

"Q From then until the next few months was she in and out of the hospital several times?

"A Yes, sir.

"MR. POWELL: We object to that, if the Court please.

"THE COURT: Overrule.

"MR. POWELL: We except.

"Q In your best judgment, approximately how many days during that period of a few months did she spend in the hospital?

"MR. POWELL: We object. The period of time is not pertinent in the injury suit.

"MR. TIPLER: *I know it isn't, but they have stated their defense as to why they were doing it.*

"THE COURT: I overrule the objection.

"MR. POWELL: We except.

"A Well, forty something days. It was over a month, maybe two months. I really don't know.

"Q While she was home for several months did she spend some time in bed?

"A Yes, sir, quite a lot." (Emphasis supplied)

The objection by defendants' counsel that "the period of time is not pertinent in the injury suit" is not clear to us. However, it apparently was clear to plaintiff's counsel, who stated: "I know it isn't, but they have stated their defense as to why they were doing it." The court then overruled the objection, an exception was noted, and the witness answered as indicated above. Here a question is directed to a witness which is certainly subject to objection, as we will later discuss. An objection is made, which does not appear on this review to be clearly understandable. Then opposing counsel concedes, in effect, that the objection is well taken, but indicates the evidence is admissible because of the position taken by the defense "as to why they were doing it." We do not, of course, attempt here to determine the reasoning of the trial court in overruling the objection. In appellee's brief (p. 26) counsel states:

"It is obvious from the record that the Trial Court permitted this testimony in view of the theory of the defense whereby the extent of Appellee's injury was questioned, this seeking justification for the acts of spying, etc. alleged in the complaint."

We accept this explanation as logical, but we cannot agree that the evidence was then admissible. First, there was no claim in this suit for personal injuries. All of this had been presented to a jury in the first trial, who awarded the plaintiff substantial damages. The record does not contain the opening statements of counsel to the jury. Defendants offered the plaintiff's deposition. It contained no reference to her personal injuries. The other witness, Chad Martin, did not testify regarding plaintiff's injuries or physical condition in any way. There was no rebuttal evidence.

There was a stipulation that there was a difference of opinion between doctors as to the extent or degree of plaintiff's injuries. The oral charge of the court did not at any time refer to plaintiff's injuries or her hospitalization after the accident. It was not an issue in the case.

The fact, as argued by appellee, that the plaintiff's witness, Mrs. Rowell, testified that she "recalled" when her sister was hurt in August of 1964 and "was in the hospital here and in Pensacola quite a bit," does not open the gates to the details of the injury or extent of hospitalization.

This leads us to the conclusion that the evidence of plaintiff's hospitalization after the accident was inadmissible.

Certainly this evidence was prejudicial and in our opinion substantially affected rights of the defendants. We hold there was prejudicial error in permitting the witness to testify regarding the time her mother was in the hospital.

### Assignment of Error 29

The court in its oral charge made the following statement to the jury:

" * * * Insofar as I have been able to determine there has been no case in Alabama involving the right of privacy based upon facts similar to those *alleged and proven in this case*. Therefore, we will have to be bound, you as the triers of facts, and this Court in its instructions to you, by the general laws of this country pertaining to an invasion or violation of the right of privacy." (Emphasis supplied)

An exception was taken to this part of the court's oral charge. Appellants contend that this amounted to a charge upon the weight of the evidence by the trial court.

Demurrers to Counts 1 and 2 had been sustained and, therefore, were not submitted to the jury. The only counts submitted were 3, 4, 5 and 6. The statement of the court, "alleged and proven," in effect amounted to the general charge for the plaintiff without hypothesis. We feel that the court was at that time attempting to explain that there had been no case in Alabama involving the right of privacy based upon similar facts. But here we are faced with the unequivocal statement of the court to the jury that the plaintiff had alleged and proven the facts on which she relied for a recovery. Although the court on one or more occasions found it proper to give further instructions to the jury, also to correct and withdraw parts of the oral charge, there is no attempted correction or withdrawal of the statement made the basis of this assignment of error.

A charge inadvertently given without intending to convey the meaning as set forth by the normal connotation of the verbiage used finds no acceptance in our jurisprudence—certainly not in a court of law.

We hold the giving of this charge constituted reversible error. Jones v. Jones, 275 Ala. 678, 158 So.2d 481.

For the errors heretofore indicated, the judgment is reversed and the cause remanded. In view of this ruling, there is no need to give consideration to other assignments of error not already considered.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.