266 So.2d 304

Randall E. SMITH and James Smith

v.

Ruby GOSS.

7 Div. 43.

Court of Civil Appeals of Alabama.
June 14, 1972.

As Corrected June 21, 1972.

Rehearing Denied July 12, 1972.

---

Fred Blanton, Birmingham, Frank B. Embry, Pell City, for appellants.

NO BRIEF FROM APPELLEE.

HOLMES, Judge.

This is an appeal from the Circuit Court ·of St. Clair County, Southern Judicial Division, Pell City, Alabama, wherein appellee filed a one count complaint alleging that while appellee was an invitee on the premises of a washeteria operated by appellants, she fell; that her injuries were ·caused by negligence of the appellants in failing to keep the premises safe.

A demurrer was filed and overruled. On the day of the trial, the complaint, apparently by agreement, was amended by adding another party defendant: to wit, appellant James Smith. Appellants thereafter amended the previous demurrers to include defendants, James and Randall Smith. This amended demurrer was subsequently overruled. From the record it appears that there was no formal plea entered and after overruling the amended demurrers the trial of this cause was had.

The assignments of error argued are that the trial court erred in refusing to give the affirmative charge with hypothesis and without hypothesis.

Testimony reveals that appellee had gone to appellants' washeteria to wash clothes and had slipped on a round compressed paper candy (sucker) stick on the porch of appellants' washeteria within such close proximity of the washeteria front door—within one foot—that appellee struck the door in falling. Appellee sustained a broken ankle as a result of the fall and appellee lost time from her employment because of her injury. Appellee testified that she fell on a sucker stick. Appellee's sister-in-law testified that she saw appellee slip on a candy stick and further testified, in agreement with testimony of appellee's son who was present at the time of the fall but did not see the appellee slip, that the area where appellee fell was a mess, containing match stems, sucker sticks and spilled Coca Cola. The candy stick was not available at trial. A witness testified that he was employed at appellants' place of business, a washeteria, and had swept the floor in the area where appellee fell an hour before appellee fell. This employee, along with another washeteria employee, testified that they saw nothing on the ground where appellee fell. Neither saw appellee fall, but were present only minutes after the fall.

Appellant argues in his Assignment of Error III, without citing any authority, that the trial court was in error

for refusing to give the affirmative charge without hypothesis because appellee's fall occurred outside the washeteria building and appellee did not show appellants had "control" over the porch area immediately before the front door. Therefore, appellee failed to show a duty on the part of appellants owing appellee. The evidence revealed that appellee fell on the porch just prior to entering the front door of appellants' business establishment, within a foot of the door. The record reveals that the appellants did maintain the area in which appellee fell; that one of its employees swept the area. A storekeeper is under a duty to customers to exercise reasonable care in keeping passways in safe condition. Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237. A storekeeper has a duty to "exercise reasonable care in providing and maintaining reasonably safe *premises* [emphasis added] for the use of their customers." Delchamps v. Stewart, 47 Ala.App. 406, 255 So.2d 586. The closeness or proximity of the fall to the front door and the fact of the employee sweeping the fall area do show facts from which an inference may be drawn that the area of fall was within appellants' control. This court cannot say that the trial court erred in refusing to give the affirmative charge without hypothesis for the reason that no evidence was presented that defendants had a duty to maintain the area where appellee fell.

Appellants' attention is called to Alabama Electric Co-op v. Partridge, 284 Ala. 442, 225 So.2d 848; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362, wherein our Supreme Court has said that failure to discuss or mention authorities in support of assignment of error does not amount to an argument. Appellant does not discuss or cite any authority in his argument of Assignment of Error III.

█ Appellant further contends that the court was in error in refusing to give the affirmative charge without hypothesis as to appellant James Smith because there is no evidence in the record that appellant James

Smith was in any way connected with or had any interest in the place of business where appellee fell. The defendants' requested charge reads as follows:

"The Court charges the Jury that they must find for the Defendants in this case."

The law in Alabama is well settled that charges must be given or refused in the terms in which they are written. Tit. 7, § 273, Code of Alabama of 1940 (Recompiled 1958). Here the charge as requested was directed to both appellants and was properly refused. Pollard v. Crowder, 239 Ala. 112, 194 So. 161; Jefferson County Building & Loan Association v. Weaver, 25 Ala. App. 189, 143 So. 193.

Appellants' contention in their Assignment of Error IV is that the trial court erred in refusing to give the affirmative charge with hypothesis for that appellee failed to prove a prima facie case.

In the case of *Delchamps,* supra, this court stated:

"There is a duty upon all storekeepers to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety while on the premises, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. . . ." (255 So.2d at page 587)

The Alabama Supreme Court said, in Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211:

"We hold the rule to be that no absolute or positive invariable rule can be announced that can be applied to each case, and which will correctly define the duties of store keepers (invitors) in all cases, or the duties of the invitees (customers). The duties and liability of the invitor (store keeper), and the duties, risks and rights of the invitees (cus-

tomers) must of necessity depend upon the circumstances of each particular case. . . . " (282 Ala. at page 482, 213 So.2d at page 216)

We find the evidence supporting an inference of negligence because of the condition of the area of appellee's fall. As the Supreme Court stated in S. H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171:

"It is not necessary, however, to enter direct evidence as to the length of time a foreign substance has remained on the floor; it is permissible to allow a jury to infer the length of time from the nature and condition of the foreign substance. . . . " (267 Ala. at page 569, 103 So.2d at page 174)

From a reading of the record it cannot be said that the trial court erred in refusing to give the affirmative charge with hypothesis in that appellee failed to make out a prima facie case.

Having disposed of appellants'. arguments contained in their brief other assignments of error need not be considered.

There being no error presented or argued to this court upon which to base reversal, the judgment of the lower court must be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

HOLMES, Judge.

Appellant has charged on application for rehearing that we have not followed the "slip and fall" rules as stated in the case of Foster v. Kwik Chek Super Markets, Inc., 284 Ala. 348, 224 So.2d 895, and Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586. We do not concede the verity of this charge.

Under the evidence of this case, we have adhered to the rule common to all cases of this nature. This rule is stated in S. H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171, as follows:

"The rule is also well established that if there is evidence which *tends* to show that a foreign substance has been on the floor for a long while, it is proper for a jury to impute negligence to the defendant for not discovering and removing such foreign substance. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; . . . " [Emphasis added] (267 Ala. 569, 103 So.2d 173)

For edification, we consider the testimony of witnesses as hereinafter related, to have sufficiently furnished the foundation for the jury to have imputed to defendants negligence in maintaining the premises of their business.

Such evidence coupled with evidence that the place of the fall was a part of the premises of defendants or that they or their agents, servants or employees had undertaken maintenance thereof, was a sufficient "scintilla" to prevent error in the refusal of the affirmative charge.

Richard Goss, a witness for appellee, in response to questions as to the condition of the area in which appellee fell, testified as follows (page 15 of the record):

"Q Describe for the Jury, the condition; was it paved, or was it sidewalk, or what.

"A It was concrete.

"Q Did it have limbs, or pieces of stick, or other debris on it?

"A Yes, sir. It did.

"Q What, if anything, do you remember that it had on it?

"A I seen some cigarette butts and where some cokes had been spilled, and there was a sucker stick.

"Q Cigarette butts, where some coke had been spilled, and sucker sticks?

"A Yes, sir."

On page 21 of the record, on cross-examination of the same witness, the following appears:

"Q I believe your testimony was that you saw some cigarette butts and sucker sticks and I believe that's about all you saw; is that right?

"A There was some coke there. It wasn't clean, the porch wasn't."

On page 25 of the record, during direct-examination, Nellie Jo Mitchell, a witness for appellee (plaintiff), testified as follows in describing the area where appellee fell:

"Q Describe the condition of it?

"A Well, it had match stems and looked like sucker sticks and coca cola was poured out there. It was a mess.

"Q Did Mrs. Goss fall?

"A Yeah, she slipped on one of those sticks.

"Q Did you see her fall?

"A I did."

On page 26 of the record, during cross-examination of Mrs. Mitchell, the following testimony appears:

"Q When you got out of the car, you say you noticed that the area up there was dirty; is that right?

"A Yeah. It was.

"Q Describe exactly what you saw.

"A Well, I saw match sticks and sucker sticks was laying there, and it looked like coke or something was poured out on the concrete."

On page 36 of the record, the following testimony from appellee appears:

"Q Do you remember what you stepped on there, going in that washeteria?

"A It was a sucker stick.

"Q Can you describe to the Jury and the Court here the condition of the walkway or the cement there immediately going into the washer-teria?

"A It just needed sweeping."

On page 42 of the record, during cross-examination of appellee, the following testimony is revealed:

"Q When you arrived there at the washeteria, did you see any of these things that go in a sucker; that little white thing that you find in the end of the sucker that children eat?

"A Yeah; there were several of them.

"Q How many, in your judgment, Mrs. Goss?

"A I didn't get out and count them. I know I stepped on one and it scooted my foot right out from under me.

"Q Did you see it before you stepped on it?

"A No.

"Q You saw several others?

"A After I was laying down there in them."

We are aware that the object causing the fall was not before the court, nor was its specific condition. We recognize that the appearance of the matter slipped upon has been determined in other cases to furnish the basis for the imputing of negligence in failure to remove or inspect. Foodtown Stores, Inc. v. Patterson, supra. In the instant case, the littered, dirty and unswept condition of the area itself, is evidence from which negligence of maintenance could be imputed by the jury. Thus the same principle of imputation of negligence from the evidence is present in this case as in other "slip and fall" cases cited

by appellant. We have in no fashion departed therefrom.

 This court in this case, as in all cases of appeal from the refusal of the affirmative charge requested by the defendant, was viewed by considering the evidence in its entirety in a light most favorable to the plaintiff. It was only after so doing that we concluded the evidence, with all reasonable inferences possible to be drawn therefrom, was sufficient for the consideration of the jury.

Application for rehearing overruled and opinion extended.

WRIGHT, P. J., and BRADLEY, J., concur.