This case involves questions of whether the trial judge improperly instructed the *Page 379 
jury, and whether the trial judge improperly commented upon the evidence in the case.
Morrison Assurance Company, Inc. ("Morrison"), surety on a performance bond which guaranteed the reclamation of lands on which surface mining operations were conducted, filed this action in the Circuit Court of Jefferson County to recover damages from Cefco Coal Company, Inc. ("Cefco"), and Scott Elmore, Peggy Elmore, Rex Cain, and Linda Cain (owners of Cefco), indemnitors under the bond. Morrison filed a motion for summary judgment, which the trial court granted, against Cefco and the owners, on the issue of liability under the terms of the contract, and gave Morrison leave to prove its damages, if any. A jury trial was had on the damages issue; the jury returned a verdict in favor of Morrison in the amount of $40,000, and the trial court entered a judgment on the jury verdict. We affirm.
Cefco was a corporation engaged in the surface mining of coal. In order to engage in the surface mining of coal, the Alabama Surface Mining Reclamation Act of 1975 (Alabama Code 1975, § 9-16-30, et seq.) required Cefco to apply for and obtain a license, and, in addition, required it to obtain a permit describing the land upon which the surface mining was to be done. Section 9-16-44 requires the applicant for a permit to file with the commission a bond executed by a corporate surety licensed to do business in Alabama, conditioned upon the faithful performance by the applicant of the reclamation plan submitted to and approved by the Commission.
Morrison issued reclamation surety bonds on behalf of Cefco, guaranteeing the reclamation of lands disturbed in Cefco's mining operations. In consideration for the issuance of the surety bonds, the owners signed an indemnification agreement.
Cefco defaulted on its reclamation obligations, and the Alabama Surface Mining Commission made a demand against the bonds. Morrison investigated the claims and expended money in having the lands reclaimed and forfeited the penal sum of the bonds. Morrison then filed suit against the owners, as indemnitors, to enforce the terms of the indemnity agreement and compel each owner to reimburse and exonerate Morrison for its losses.
Appellants do not question the propriety of the issuance of summary judgment on the question of liability, but contend that the trial court erred in two respects: (1) that the trial judge improperly commented on the evidence; and (2) that the trial judge improperly charged the jury. The owners argue that the trial judge, in his jury charge, was so one-sided and dictatorial that the jurors felt that they should return a verdict in favor of Morrison.
Rule 51, Ala.R.Civ.P., states that in charging the jury, the trial judge shall not express his opinion of the evidence. It is also well settled that when this Court examines jury charges claimed to be erroneous, we look to the entirety of the trial court's charge to see if there was reversible error. Nelms v.Allied Mills Co., 387 So.2d 152 (Ala. 1980).
Applying this rule, we are of the opinion that the trial court did not make an impermissible comment on the disputed evidence in this case. The issue in this case was whether Morrison acted in good faith in making payments to the Alabama Surface Mining Commission. The owners do not cite even one instance where the trial court commented on the evidence adduced at trial which alludes to the question of the amount of the damages, which was the only issue presented to the jury. The owners cite several pages of the record as examples of commentary on the evidence, but a close examination of these pages reveals no reference to the evidence on the damages issue. As already stated, applicants do not claim here that summary judgment was improperly granted on the issue of liability; consequently, the only issue of fact left was how much money was owed. *Page 380 
We are convinced, after a review of the record, that the owners failed to establish that the court singled out evidence or gave any particular evidence undue emphasis. The owners also failed to meet their burden of establishing that the charge, taken as a whole, was prejudicial. The jury charge in this case fairly and accurately sets forth the law as it pertains to the measure of damages in the context of a surety and principal relationship and instructs the jury to award damages in the amount that was paid in good faith.[1]
The owners also argue in their brief:
 "Before concluding, appellants would like to point out that the Court's charge as to good or bad faith is taken verbatim from a Massachusetts case, [Hartford Acc. and Indem. Co. v. Millis Roofing] [11 Mass. App. 998], 418 N.E.2d [645] [(1981)], which is based solely on a summary judgment. There was no evidence taken in the Court, it was all taken by deposition and the defendant in that case made no answer whatsoever, and appellants contend that this goes much further than the Alabama law as to good faith."
This challenge by the owners to the charge at trial does not identify how or in what respect this instruction differs from Alabama law. The law in Alabama is clear that the mere insistence of error without mention of authority does not amount to an argument. Claims of error not substantially argued in brief will be deemed waived and will not be considered by the Court. Meriwether v. Crown Investment Corp., 289 Ala. 504,268 So.2d 780 (1972); Alabama Electric Co-Operative, Inc. v.Partridge, 284 Ala. 442, 225 So.2d 848 (1969). We will therefore not consider this argument on appeal.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
[1] The trial court charged the jury on good faith as follows: "Want of good faith involves more than bad judgment or negligence or insufficient zeal. In order to find that Morrison was acting in bad faith or was not acting in good faith, you would have to be reasonably satisfied from the evidence that Morrison was acting with a dishonest purpose. Lack of good faith carries an implication of a dishonest purpose, a conscious doing of wrong, a breach of a duty through motives of self-interest or ill will That's what we mean by lack of good faith."