The issue is whether the trial court erred by entering a summary judgment on behalf of the defendant on a claim that the defendant invaded the plaintiff's privacy while investigating a workman's compensation claim in which the plaintiff claimed physical disability. We agree with the holding of the trial court.
The plaintiff, Billy Johnson, was injured when he fell at work. Johnson filed for workman's compensation benefits against his employer, claiming that he was over 50% impaired in his ability to work. His employer was insured for workman's compensation claims by St. Paul Fire Marine Insurance Company ("St. Paul"), which hired Corporate Special Services, Inc. ("Corporate"), to investigate the validity of Johnson's disability claim.
Tim Jirgens, an employee of Corporate, was assigned to Johnson's case.[1] He parked outside Johnson's house to observe Johnson's outside activity. He specifically observed whether Johnson participated in any physical activity that would tend to disprove his workman's compensation claim that he was more than 50% disabled. At no time did Jirgens attempt to observe Johnson inside his house.
During Jirgens's surveillance of Johnson, Jirgens was pulled over by the police and questioned about why he was "prowling" in the neighborhood. After Jirgens explained the situation to the officers, he changed his surveillance location and backed into a driveway, facing Johnson's house. Johnson noticed Jirgens because of the commotion with the police and pulled his car in front of the driveway, blocking Jirgens's exit; he then walked up to Jirgens's vehicle, and the two men began arguing. The argument ended when Jirgens pulled out a gun[2] and maneuvered his way out of the driveway and drove away.
Johnson sued St. Paul and Corporate for assault and battery and invasion of privacy. The trial court entered a summary judgment on behalf of St. Paul on both claims and on behalf of Corporate on the invasion of privacy claim. The assault and battery claim against Corporate went to trial; the jury found in favor of Corporate. Johnson appeals only the summary judgment *Page 387 
on the invasion of privacy claim against Corporate.
This Court recognizes that the wrongful intrusion into one's private activities constitutes a tort known as the invasion of privacy. Alabama Electric Co-Operative, Inc. v.Partridge, 284 Ala. 442, 445, 225 So.2d 848, 851 (1969). This Court in Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961), following W. Prosser, Law ofTorts, pp. 637-39 (2d ed. 1955), set out the "four distinct wrongs" of the tort of invasion of privacy:
 "1) the intrusion upon the plaintiff's physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiff's personality for a commercial use."
See Hogin v. Cottingham, 533 So.2d 525, 528 (Ala. 1988).
The tort of invasion of privacy may occur both where there is a public and commercial use or publication and where there is a wrongful intrusion into one's private activities or solitude or seclusion. Hogin, 533 So.2d at 530, citingNorris, 272 Ala. at 176, 132 So.2d at 322-23. There are two standards the Court uses to find whether there has been a tort of invasion of privacy:
 "1) If there has not been public or commercial use or publication, then the proper standard is whether there has been an 'intrusion upon the plaintiffs physical solitude or seclusion,' or a 'wrongful intrusion into one's private activities in such manner so as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities'; and 2) if there has been public or commercial use or publication of private information, then the proper standard is whether there has been 'unwarranted publicity,' 'unwarranted appropriation or exploitation of one's personality,' publication of private affairs not within the legitimate concern of the public, an intrusion into one's 'physical solitude or seclusion,' the placing of one in a 'false but not necessarily defamatory position in the public eye,' or an 'appropriation of some element of [one's] personality for commercial use.'"
Hogin, 533 So.2d at 530-31 (citations omitted). (Emphasis added.) See also, Smith v. Doss, 251 Ala. 250, 37 So.2d 118 (1948).
Johnson argues that he presented sufficient evidence to the trial court to prove that Corporate invaded his right to privacy. We must review the evidence according to the standards set out by this Court to determine if the invasion was "wrongful." In Hogin, this Court said:
 "The 'wrongful intrusion' prong of the tort of invasion of privacy has been defined as the 'intentional interference with another's interest in solitude or seclusion, either as to his person or to his private affairs or concerns.' W. Prosser W. Keeton, The Law of Torts, p. 851 (5th ed. 1984). '[T]here must be something in the nature of prying or intrusion' and 'the intrusion must be something which would be offensive or objectionable to a reasonable person. The thing into which there is intrusion or prying must be, and be entitled to be, private.' Id. at 855. Two primary factors are considered in 'determining whether or not an intrusion which effects access to private information is actionable. The first is the means used. The second is the defendant's purpose for obtaining the information.' Id. at 856."
Hogin, 533 So.2d at 531.
It is imperative that this Court first determine the purpose for the investigation and whether the "thing . . . into which there was an intrusion or prying . . . [was] entitled to be private." Hogin, 533 So.2d at 531. InPartridge, this Court noted, with approval, that plaintiffs in personal injury claims "'must expect reasonable inquiry and investigation to be made of [their] claim[s] and [that] to this extent [their] interest in privacy is circumscribed.'" Partridge, 284 Ala. at 445,225 So.2d at 851, quoting Forster v. Manchester, 410 Pa. 192,189 A.2d 147 (1963). See Hogin, 533 So.2d at 531. The investigation *Page 388 
of the plaintiffs, however, must not be pursued in an offensive or improper manner. Id.
In this case, the predominant issue in the workman's compensation case was the extent of Johnson's injury. Johnson, therefore, should have expected a reasonable amount of investigation into his physical incapability. This Court finds that the purpose of the investigation was legitimate; therefore, the only issue remaining is whether the means used was offensive or objectionable.
In Partridge, this Court cited, with approval, the Pennsylvania opinion Forster v. Manchester, which held that when a plaintiff makes a personal injury claim, thereby subjecting himself or herself to public observation, he or she is " 'not entitled to the same degree of privacy that he orshe would enjoy within the confines of [his or] her ownhome.'" Partridge, 284 Ala. at 445,225 So.2d at 851, quoting Forster, 410 Pa. at 197, 189 A.2d at 150. (Emphasis added.) Jirgens observed Johnson while Johnson was outside his home, in his front yard, where he was exposed to the public. At no time did Jirgens intrude upon Johnson's privacy inside Johnson's own home. This Court finds that because Johnson's activities in his front yard could have been observed by any passerby, Corporate's intrusion into Johnson's privacy was not "wrongful" and, therefore, was not actionable.
We affirm the summary judgment for Corporate on the invasion of privacy claim.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] It is undisputed that Jirgens watched Johnson for only one day.
[2] It was disputed whether Jirgens aimed the gun at Johnson or just showed him the gun.