I respectfully dissent insofar as the main opinion reverses the judgment in favor of Robert Patterson on his invasion-of-privacy claim. On the basis of the ore tenus evidence before it, the trial court could have found that Harvey Martin and David Whitten had repeatedly shadowed Patterson for the purpose of intimidating and harassing him and that Whitten had threatened Patterson's life. That conduct is actionable under the wrongful-intrusion prong of the tort of invasion of privacy. Cf. Alabama Elec. Coop., Inc. v.Partridge, 284 Ala. 442, 445, 225 So.2d 848, 850 (1969) (noting with approval that other jurisdictions had held that "violation of the right of privacy may be actionable where the investigation of a person being watched, shadowed, or kept under surveillance is pursued in an offensive or improper manner"). The suggestion that a reasonable person would not find Martin's and Whitten's conduct highly offensive is absurd" indeed, the Alabama Legislature has classified such conduct as the crime of stalking, which is a felony. See
§ 13A-6-90(a), Ala. Code 1975 ("A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking.").
I concur in the result with regard to the other aspects of the main opinion.